## HELMERICH & PAYNE et al. v. STRATTON et al.

No. 23941. Opinion Filed May 2, 1933.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

BAYLESS, J. Jim Stratton, hereinafter called claimant, sustained an accidental injury by being struck on his left eye by a chip of steel while employed by Helmerich & Payne, hereinafter called employer, whose risk was carried by Consolidated Underwriters, hereinafter called carrier.

The injury was sustained on March 5, 1932, and resulted in temporary total disability, which terminated April 15, 1932, for which claimant was paid.

May 6, 1932, claimant filed a motion to determine the extent of permanent disability and loss of vision occasioned by the injury. The matter was heard on June 16, 1932, at which time the written reports of certain eye specialists were accepted as evidence by stipulation. These written reports constitute all of the testimony introduced in the trial touching upon the loss of vision, or other permanent disability of the claimant. Dr. C. F. Loy's opinion is that claimant has sustained "approximately 5 per cent. loss of vision of left eye." Dr. Theo. G. Wails' estimate is:

"As far as actual vision is concerned, he would not have more than about 5 per cent. impairment, but on account of the fact that he gets some glaring of light and because of the pupil's inability to adjust itself rapidly, I believe that he must have about ten per cent. impairment in the left eye, and it will not get any worse than this and as he adjusts himself to his condition he may improve somewhat."

Dr. J. W. Shelton's estimate is: "He has sustained some disfigurement and efficiency loss, which I estimate at 20 per cent." Based upon this testimony, the Commission found, "that as a result of said accident, claimant has suffered permanent partial loss of vision to his left eye in the amount of 15 per cent." The sole ground of error assigned on appeal is that there is no competent evidence to sustain the finding of a permanent loss of vision of 15 per cent.

The only testimony as to a percentage of loss of vision are the reports of Doctors Loy and Wails. One limits the percentage of loss of vision to approximately 5 per cent., and one, using an expression of futurity, estimates that he "would not have"

more than 5 per cent., but on account of certain conditions now present, he must now have about 10 per cent., which will not get any worse and may improve. We take it that Dr. Loy means that the loss of vision is 5 per cent., and that Dr. Wails means that at present it is about 10 per cent., with a bare possibility that it may be reduced to a permanent figure of about 5 per cent. The amount of loss of vision found by the Commission is neither of these figures, but the total of both. Dr. Shelton allows no loss of vision, but does allow for loss of efficiency in vision of 20 per cent., coupled with disfigurement. No award is made for disfigurement. In the case of Century Indemnity Co. v. Strength, 160 Okla. 161, 16 P. (2d) 242, we said:

"It is admitted that there is no scale for the measurement of what is termed 'visual efficiency.' What is normal 'visual efficiency'? The record is silent. In the absence of a scale by which 'visual efficiency' may be measured, and in the absence of testimony that the witness knew what constituted normal 'visual efficiency,' the testimony of the witness shows at best only conjecture. However, it is not necessary for us to consider that feature of the case, for, while the Workmen's Compensation Act (Stat. 1931, sec. 13348 et seq.) should be liberally construed, we do not feel justified in extending its scope to include a thing which evidently was not contemplated by the act, and which would cause endless trouble in the application of the act. If an award may be made for loss of 'visual efficiency' when there is no loss of vision and an award may be made for a loss of vision, then we would have two awards based on loss of use of the eye. We do not think that the act contemplates such double liability. If the act contemplates but one liability, in every case of loss of vision we would be required to first ascertain how much, if any, loss of 'visual efficiency' had been sustained prior to the injury."

The claimant, in his brief, recognizes the rule announced in the Century Indemnity Co. v. Strength, supra, but insists that the rule of law therein announced is not correct. With such contention we do not agree. He states, in effect, that if the rule so announced is to be adhered to by this court, and the award to him on the 15 per cent. basis is to be vacated, he, at least, is entitled to an award upon a 5 per cent. or 10 per cent. basis. As we understand his brief, he asks this court to order such an award. We agree that he is entitled to an award, based upon the record presented to us, but in view of the fact that there is an apparent discrepancy in the estimates of Doctors Loy and Wails, we feel that a question of fact is presented, and this ques-

tion should be determined by the State Industrial Commission, not by us.

There is no competent evidence in the record to sustain the finding of a permanent loss of vision of the left eye in the amount of 15 per cent.

The award is, therefore, vacated, and the cause is remanded, with directions to proceed according to the views herein expressed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., absent.