SPECIAL INDEMNITY FUND v. KEEL et al.

No. 32114. Nov. 20, 1945.

Rehearing Denied Jan. 15, 1946.

164 P. 2d 996.

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

Sigler & Jackson and H. A. Stanley, all of Ardmore, A. R. Daugherty, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

OSBORN, J. This is an appeal by Special Indemnity Fund of the State of Oklahoma, hereinafter referred to as petitioner, from an award made to Joe Keel, hereinafter referred to as claimant.

The claimant received an accidental injury to his right shoulder on April 29, 1943, while in the employ of Choctaw Cotton Oil Company. He filed his claim for compensation for such injury, and when, at a hearing, it developed that his left shoulder had been injured in an automobile accident in 1937, the commission ordered the Special Indemnity Fund to be made a party to the proceeding. After further hearings were had, the trial commissioner made an award on December 11, 1944, which was affirmed by the commission en banc on appeal. The trial commissioner found that the claimant was a physically impaired person by reason of the injury to his left shoulder in 1937, which impaired the use of his left arm to the extent of 20 per cent. He found that the later injury to claimant while in the employ of Choctaw Cotton Oil

Company had impaired the use of his right arm 10 per cent. He found that by reason of both the aforesaid injuries claimant had sustained a 15 per cent permanent total disability, and allowed compensation against the Choctaw Cotton Oil Company for the disability to his right arm, and made an award against petitioner for the disability resulting from the combined disabilities. Petitioner alone appeals.

Petitioner contends that the claimant was not shown to have been a "physically impaired person" at the time of the accidental injury on April 29, 1943, and that in order to show that he was a physically impaired person within the definition contained in 85 O. S. Supp. 1943 § 171 (enacted April 12, 1943), the loss of use of his arm must be established by the testimony of laymen.

Section 171, supra, provides as follows:

"For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the State Industrial Commission."

The act specifically defines the term "physically impaired person", and the operative force of the act is made dependent upon the existence of said condition. One of the four conditions set forth in the statute must be found to exist before the commission is authorized to make an award thereunder. They may be enumerated as follows: (1) Loss of the sight of one eye; (2) loss by amputation of the whole or part of some member of his body; (3) total or partial loss of use of a specific

member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession; (4) any disability which previously has been adjudged and determined by order of the State Industrial Commission. In other words, the loss of use, or partial loss of use, of a specific member must be such as is obvious or apparent from observation or examination by an ordinary layman, if such loss of use is relied upon to invoke the provisions of the act. The statute does not require that such loss of use be established by the testimony of lay witnesses only, but leaves that question to be determined by the commission from all the evidence. If the loss of use of claimant's left arm was sufficiently pronounced that ordinary laymen from observation or examination could discover, without the aid of persons skilled in the medical profession, that a loss of use thereof existed, such fact could be proved, as any other fact, by any witness who might show himself conversant with such fact.

Two lay witnesses testified that he complained frequently of pain in his left shoulder while working and that they had observed a knot on his shoulder, although, on cross-examination, they revealed they did not remember on what shoulder the knot existed. One of the witnesses was present and on the witness stand when claimant removed his shirt and exhibited his injured shoulder, but the witness could not determine on which shoulder he had previously seen the knot. They did not testify that they had noticed either by observation or examination that claimant had lost any use of said arm. While Dr. Johnson testified from some unidentified X-ray pictures which had been found in a file under the name of claimant, purportedly made when he was treated in the same hospital for the previous injury, and also from his observation of claimant under a fluroscope that claimant had sustained an injury to his left shoulder which resulted in the loss of

use of his left arm to the extent of approximately 40 or 50 per cent, and while Dr. White testified as to a loss of use by claimant to his left arm to the extent of 30 per cent, neither of said doctors testified that said loss of use of claimant's left arm was or would be apparent to an ordinary layman upon observation or examination. Claimant's arm and shoulder were also exhibited to the trial commissioner, and the trial commissioner made an order finding that claimant was a physically impaired person "and that such disability or impairment to his left shoulder was apparent from observation or examination by an ordinary layman or persons not skilled in the medical profession." While we think it was proper for the trial commissioner to permit the exhibition of claimant's injury to him in aid of the testimony of other witnesses, yet such exhibition, standing alone, in this case involving a loss of use of a specific member by reason of an injury to the body, is not sufficient to take the place of specific evidence directed to this point. This case is distinguishable from the case of Special Indemnity Fund v. Hobbs et al., 196 Okla., 318, 164 P. 2d 980. In the above case we were dealing with injuries to two specific members. In the present case we are confronted with the loss of use of a specific member by reason of an injury to the body and in the present case the trial commissioner found that the disability or impairment to the shoulder (the shoulder not being a specific member) was apparent to an ordinary layman or person not skilled in the medical profession. The commissioner made no such finding as to specific members.

It therefore appears that the finding of the commissioner and the commission on appeal is not supported by the evidence and the award should be vacated.

Award vacated.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.