## SPECIAL INDEMNITY FUND v. WARD et al.

No. 32773.   Sept. 30, 1947.

*185 P. 2d 186.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

Frank Seay and Dick Bell, both of Seminole, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, V.C.J.   This is an original proceeding in this court brought by Special Indemnity Fund to review that part of an award of the State Industrial Commission against it.

The respondent, Everett H. Ward, on September 24, 1945, while in the employ of Needler Frozen Food Company, so injured the thumb on his left hand that it was necessary to have it amputated.   Previously, in 1916, he had lost all four fingers on the same hand.   The commission awarded him compensation from his employer and its insurance carrier in the sum of $1,260, being 60 weeks compensation at $21 per week, for total loss of use of the thumb. In addition, the commission adjudged him to be a "physically impaired person" within the meaning of 85 O.S. Supp. 1945, sec. 172, and made a further award in his favor, against the petitioner herein, for $910 computed in the following manner:

95% loss of use of hand as combined disability resulting from both injuries (190 weeks at $21.00 per week)   $3,990.00

—less
40% loss of use of hand caused by first injury, constituting him a physically impaired person (80 weeks at $21.00 per week) $1680.00

—less
33 1/3% loss of use of hand caused by loss of thumb by last injury (66 2/3 weeks at $21.00 per week)   $1400.00  3,080.00

Award against petitioner 21 2/3% loss of use of hand (43⅓ weeks at $21.00 per week)                    $  910.00

In this computation, the commission converted the total loss of use of the thumb, suffered by reason of the last injury, to 33 1/3% loss of use of the hand.

The order of the commission describes the injury as one to claimant's right hand, while the evidence and briefs of both parties show that it was to his left hand. It is evident that the commission, in its finding, inadvertently referred to the right hand instead of the left, and the same will therefore be treated as corrected to conform to the evidence.

The petitioner urges two propositions for vacation of the award: First, that the commission could not convert the total combined disabilities into a disability to the hand, as a whole; and second, that the deduction, from the combined disabilities, because of the pre-existing disability, should have been computed on the basis of the loss of use of the fingers rather than on the percentage of loss of use of the hand. To support this position reliance is had upon Special Indemnity Fund v. Davidson, 196 Okla. 118, 162 P. 2d 1016. This case, however, is not in point. Therein we held that the loss of minor specific members could not be translated into injuries to the body as a whole "without competent evidence in support thereof," and referred to the case of Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P. 2d 815. In this latter case we said:

" . . . whether the loss of fingers constitutes a disability to the whole hand is a question of fact to be decided by the commission and if there is any competent evidence to support the same, such findings will not be disturbed by this court. From such an examination we find the testimony of three doctors. These doctors gave their testimony with reference to the permanent partial disability to the hand caused by the injury to the two fingers, not based upon any formula, but based upon their knowledge as expert witnesses . . ."

In the instant case two of the doctors testified that after the loss of the thumb, claimant had a 100% loss of use of his hand. This was competent evidence upon which the commission could base its finding that claimant had lost the use thereof to the extent of 95%.

In the case of Special Indemnity Fund v. Gambrell et al., 196 Okla. 203, 164 P. 2d 240, claimant suffered the loss of his left middle and ring fingers, having previously so injured his left index finger that he was a "physically impaired person" within the provision of the statutes. The award was based upon a finding that the combination of the two injuries resulted in a loss of use of the hand. We affirmed that finding on the ground that it was supported by competent medical testimony. The facts in the present case are analogous and come clearly within the rules of law therein followed.

To determine the proper amount of the award against the petitioner, it is necessary to ascertain the amounts deductible from claimant's total disability resulting from both injuries. Under the terms of the governing statute (85 O.S. Supp. 1945 §172) a claimant who is a "physically impaired person" and receives a subsequent injury which "results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone," is entitled to receive compensation for the combined disabilities, less that disability he had from the previous injury. Of this total amount of compensation the employer is liable for that, fixed by the Workmen's Compensation Act, for the subsequent injury. The Special Indemnity Fund is liable for the balance he is entitled to receive. Thus, in this case claimant is entitled to compensation for 95% of 200 weeks (loss of hand) or 190 weeks, less his previous disability.

The undisputed evidence shows that claimant's previous disability was the loss of the four fingers, and the commission fixed the same at 40% loss of use of the hand or 80 weeks. By the statutory schedule, the total of the fingers would have been 100 weeks. We have previously held that, where 'the evidence warrants it, the commission may award compensation for loss of use of a foot resulting from the loss of toes, but "the per cent of loss must not be less than the amount fixed by the statute for the loss of the.toes, and may be as much larger as the facts justify." Constitutional Indemnity Co. v. Beckham et al., 144 Okla. 81, 289 P. 776. That rule is here applicable and the claimant under all the facts herein, having lost the four fingers, had a disability from the previous injury compensable on not less than a 100 week basis.

Claimant, then, was entitled to receive total compensation in this case for his increase in disability which was 90 weeks (190 total less 100 for previous injury).

Of this total, the award against his employer was properly fixed on a basis of 60 weeks (loss of thumb). That left a balance of 30 weeks (90 less 60) for which the petitioner herein was liable. Therefore, the award should have been for $630 or 30 weeks at $21 per week.

The award is modified to the extent necessary to conform with this opinion and, as so modified, is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur. GIBSON, J., dissents.