SPECIAL INDEMNITY FUND v. HEWES et al.

No. 32636. Jan. 17, 1950.

*214 P. 2d 240.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

W. F. Smith and E. B Glasgow, both of Oklahoma City, for respondents.

WELCH, J. On November 14, 1945, claimant sustained an injury covered by the Workmen's Compensation Act which resulted in the loss of his left middle finger. A notice of the injury and claim for compensation was filed which also mentioned that claimant's left arm was injured in 1938. Before a hearing was had on the claim, claimant and the respondent employer filed a joint petition proposing settlement of the claim for the disability which resulted from the second injury alone, and independent of the first injury. The joint petition was approved by the commission. The order of the Com-

mission approving the settlement contained the following provision:

"It is further ordered that jurisdiction be reserved as against the Special Indemnity Fund."

It is contended that upon approval of the joint petition, the commission lost jurisdiction and could not thereafter make an award against the Special Indemnity Fund.

Attention is directed to 85 O.S. 1941 §84 and certain cases construing said section.

It is noted that the cases cited arose long prior to the enactment of the Special Indemnity Fund Law. In Special Indemnity Fund v. Corbin et al., 201 Okla. 5, 199 P. 2d 1020, a similar question as here presented was involved. It was held that 85 O.S. 1941 §84 does not affect jurisdiction in a situation as here exists, and that former decisions of the tenor of the cases here cited have no application. In the second paragraph of the syllabus it was said:

"Industrial Commission does not lose jurisdiction to make an award against the Special Indemnity Fund, under the provision of 85 O. S. 1943 Supp. §171 at seq., by reason of settlement on joint petition of claim against employer under the provision of 85 O. S. 1941 §84, where the order approving the settlement specifically reserved the right to proceed against the Special Indemnity Fund."

The order fixing an award against the Special Indemnity Fund herein states:

"That on November 14, 1945, claimant . . . sustained . . . injury to the left hand.

"That on November 14, 1945, claimant was a physically impaired person under the Workmen's Compensation Law of Oklahoma, in that he had a pre-existing disability of 35% permanent partial loss of use of the left hand at the time of the injury of November 14, 1945; that by reason of the combination of his pre-existing disability and of the disability arising from said injury of November 14, 1945, claimant

has a permanent partial disability of 70% to his said left hand: that the increased disability of 35% by reason of the injury of November 14, 1945, should be paid by the Special Indemnity Fund, and for which he is entitled to the sum of $1,470.00, 70 weeks at $21.00 per week. . . ."

For vacation of the award petitioner presents argument that "it was error not to specify the statutory grounds for determining claimant to be a 'physically impaired person', " and that "the award is not sustained by the evidence."

In Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795, we stated:

". . . The definition of a 'physically impaired person' fixes the conditions precedent to attachment of jurisdiction of the Commission over the Fund. The evidence thereon will be weighed on review and determined independently of the Commission's general finding that an employee was a 'physically impaired person.' If the evidence, having been weighed by us, is sufficient to and did confer authority on the Commission to enter an award against the Fund, the general determination that the employee was a 'physically impaired person' will be approved. . . ."

The general finding that claimant was a physically impaired person as set forth in the order is but a declaration of jurisdiction of the commission over the Special Indemnity Fund, and the failure to fully specify the statutory grounds for such determination is not to the prejudice of an appealing party since the appellate court must make an independent finding on the issue.

Claimant was injured on November 14, 1945. The award against the Special Indemnity Fund must be in accord with the terms of 85 O.S. Supp. 1945 §172; 85 O. S. Supp. 1947 §172. The statute as formerly existed, 85 O. S. Supp. 1943 §172, was amended, effective April 28, 1945.

In Special Indemnity Fund v. Ward et al., 199 Okla. 196, 185 P. 2d 186, in the first and second paragraphs of the syllabus it is said:

"An award may be entered against the Special Indemnity Fund where there is any competent evidence reasonably tending to support the finding of the State Industrial Commission that a physically impaired person received an accidental personal injury which, when considered in combination with a pre-existing injury, results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the last injury alone.

"The liability of the Special Indemnity Fund, under the terms of 85 O.S. Supp. 1945 §172, is computed by subtracting from the compensation provided by the Workmen's Compensation Act for the combined disability resulting from the previous physical impairment and the subsequent injury, the total of the compensation provided for each of the individual disabilities."

It will be noted that in addition to other matters, a specific finding as to the extent of individual disabilities as distinguished from their combined effect is required before a proper computation of liability of the Special Indemnity Fund can be made.

Herein, the order does not reflect a finding of the commission as to the extent of claimant's disability resulting from the last injury alone. The Fund is not liable for the compensation provided for each of the individual disabilities, but such must be taken into account, and as deductible items, in the determination of the Fund's liability for compensation for disability resulting from the combination of the individual disabilities.

In the syllabus in Corzine v. Traders Compress et al., 196 Okla. 259, 164 P. 2d 625, we said:

"It is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant.

"Where the findings of fact and conclusions of law of the State Industrial

Commission are too indefinite and uncertain for judicial interpretation, this court, on appeal, will vacate the order for further proceedings."

We note there was a general finding of "disability arising from said injury of November 14, 1945," but in the absence of a finding as to the extent of that disability, the order is not sufficiently definite to enable this court to pass upon the correctness or incorrectness of the award.

The award is vacated and the cause remanded for further proceedings not inconsistent herewith.

DAVISON, C. J., and CORN, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and GIBSON, J., dissent.