MILLER v. HARMON CONSTRUC-
TION CO. et al.

No. 33990.   Nov. 6, 1951.

*237 P. 2d 439.*

Claud Briggs, Oklahoma City, for petitioner.

Mont R. Powell, Anthony R. Kane, Sam Hill, and E. C. Chastain, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   In this case it appears that on the 11th day of December, 1946, S. J. Miller, petitioner herein, filed his claim for compensation before the State Industrial Commission against Harmon Construction Company and its insurance carrier, respondents herein, in which he states that on October 26, 1946, while in the employ of Harmon Construction Company, he received a fall which caused serious injury to his left leg and other portions of his body resulting in a permanent partial loss of use of his leg.   Thereafter he amended his claim in which he stated that in 1945, while serving in the army he sustained an injury consisting of a blow on his head which resulted in the entire loss of vision in his left eye and Special Indemnity Fund was made a party to the proceeding.

The trial commissioner found that on October 25, 1946, petitioner, while in the employ of respondent Harmon Construction Company, sustained a personal accidental injury consisting of an injury to his left leg and as a result thereof sustained a 75 per cent permanent partial disability to the leg and awarded him compensation against respondents in the sum of $2,756.25. The commissioner further found:

"That prior to claimant's accidental personal injury of October 25th, 1946, the claimant had sustained an accidental personal injury to his left eye, resulting in a total loss of vision of the left eye, and at the time of said injury of October 25th, 1946, claimant was a Physically Impaired Person within the meaning of the Workmen's Compensation Law, and that such impairment was noticeable to an ordinary layman, and that by reason of the combination of claimant's prior injury to his left eye and injury of October 25th, 1946, to his left leg, claimant's permanent partial disability to his body as a whole has been materially increased to the extent of 10 per cent permanent partial disability to and loss of use of the body as a whole, over and above all deductions allowed by law, for which claimant is entitled to the sum of $1050.00, 50 weeks, at $21.00 per week, to be paid claimant by the Special Indemnity Fund."

And upon such finding entered an award against the Special Indemnity Fund accordingly.

Petitioner brings the case here for review and asserts that the award in his favor as against the Fund is inadequate; that under the evidence he should have recovered a greater sum against the Fund.

It is conceded by all parties that the evidence is sufficient to sustain the

finding of the commission as to petitioner's eye and leg injuries and that he was then a physically impaired person.

The only disagreement between the parties is as to the extent of disability sustained by petitioner as a result of his combined injuries and the manner in which the State Industrial Commission computed the award as against the Fund.

Two physicians testified as to the extent of the disability sustained by petitioner as the result of his combined injuries.

One doctor who testified on behalf of petitioner stated that he first examined him on September 2, 1948; that he obtained a history of the case and that upon that history and his examination he found that petitioner, on October 25, 1946, received an injury to his left leg and that as a result thereof he had sustained a 90 per cent permanent partial loss of use of the leg; that the petitioner was then a physically impaired person in that as a result of a prior injury he had sustained the entire loss of vision in his left eye and that as a result of his combined injuries he sustained a disability materially greater in degree than he would have sustained by the last injury alone and as a result of the combination of disabilities he was permanently and totally disabled from doing ordinary manual labor.

Another doctor who testified on behalf of the Fund fixed the disability sustained by petitioner to his left leg as the result of the injury sustained by him on October 25, 1946, at 75 per cent permanent partial loss of use of the leg, and further testified that as a result of a prior injury petitioner was industrially blind in his left eye. He, however, further testified that petitioner as a result of his combined injuries sustained no greater disability than he would have sustained by reason of the last injury alone.

It is contended by petitioner that under the evidence and finding of the commission he did not receive full compensation for his combined disabilities, and that if compensation had been properly computed he would have been entitled to a greater award against the Fund. We think there is merit in this contention.

The commission made no finding as to the degree of disability sustained by petitioner as the result of his combined injuries, nor did it compute compensation as provided by statute, 85 O. S. 1945 Supp. §172. Under the above section, in order to fix the respective liabilities against the employer and Special Indemnity Fund, it was essential that the commission should find and the evidence show the percentum of disability sustained by the employee as the result of his first and last injuries and the disability sustained by him as a result of his combined injuries; and as to whether the disability sustained by him as a result of his combined injuries was materially greater than that which would have been sustained from the last injury alone. The State Industrial Commission found that petitioner as the result of his combined injuries sustained a disability materially greater than he would have sustained as a result of his last injury alone. It, however, made no finding as to the disability sustained by him as a result of his combined injuries. An award against the Fund is arrived at by first finding the disability sustained by an employee as a result of each individual injury and the disability sustained by him as a result of his combined injuries and compensation recoverable for the combined disability, and if it be found that the disability sustained by him as a result of his combined injuries is less than permanent total, by subtracting therefrom compensation recoverable for individual injuries and the balance will constitute the proper amount to be awarded against the Fund. Special Indemnity Fund v. Ward, 199 Okla. 196, 185 P. 2d 186.

The commission found that petitioner as a result of his combined injuries sustained an injury materially greater

in degree than he would have sustained by the last injury alone to the extent of 10 per cent permanent partial disability to his body as a whole over and above all deductions allowed by law for which petitioner is entitled to compensation in the sum of $1,050, 50 weeks, at the rate of $21 per week, to be paid by Special Indemnity Fund. We are not advised as to the method of calculation used by the commission in arriving at this conclusion. We fail to see how the commission could properly calculate the amount to be awarded against the Fund without first finding the disability sustained by petitioner as the result of his combined injuries. The finding of the commission is too indefinite upon which to base a proper award against the Fund. Special Indemnity Fund v. Hewes, 202 Okla. 356, 214 P. 2d 240.

While the Fund does not question the award as against it, petitioner does, and since it is contended by him that if the commission had properly computed compensation he would have been entitled to a greater award against the Fund, he has such interest as entitles him to challenge the award as against the Fund.

Petitioner asserts since the evidence shows that as a result of his first injury he sustained the loss of use of his left eye, and that as a result of his last injury sustained a 75 per cent permanent partial loss of the use of his left leg, the commission, without the aid of medical testimony, should have found that as a result of both injuries he sustained an 87½ per cent permanent partial disability to his body as a whole which would have entitled him to recover compensation for his combined disability in the sum of $9,-187.50, and that after allowing proper deductions the award in his favor as against the Fund should have been in the sum of $4,331.25, instead of the sum of $1,050 as fixed by the commission. This amount petitioner asserts constitutes the minimum amount which should have been awarded in his favor as against the Fund. This result it is contended should have been reached by the commission by adding together the percentage of disabilities sustained by him as to each individual member, the eye and leg, and dividing the result by two, and asserts that this court on review should apply such mathematical formula and direct the commission to enter an award against the Fund accordingly. This we decline to do. An award may not be arrived at by the use of an arbitrary mathematical formula. Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475.

Since the commission made no finding as to the disability sustained by petitioner as the result of his combined disabilities and did not compute compensation as required by the Special Indemnity Fund Act, and since there is evidence tending to sustain his contention that had the commission made proper finding as to the disability sustained by him as a result of his combined injuries, and had properly computed compensation he would have been entitled to a greater sum against the Fund, the award cannot be sustained.

Award as against the Fund vacated for further proceedings in accordance with the views herein expressed.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. GIBSON, J., concurs in conclusion.