SPECIAL INDEMNITY FUND v. WOODROW et al.

No. 35020.   June 10, 1952.

*245 P. 2d 445.*

Mont R. Powell, Anthony R. Kane, and Sam Hill, Oklahoma City, for petitioner.

J. W. Murphy and D. G. Springer, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. This is an original proceeding brought by Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation to claimant, Ralph Woodrow. An award was also entered against the City Plumbing Company, employer of claimant, which award was thereafter settled on joint petition and we are concerned here only with the award against Special Indemnity Fund.

The record discloses that in his early childhood claimant sustained a disability to his right eye due to disease. Two competent medical expert witnesses for claimant stated that this eye was turned out so that it was incapable of co-ordination with the remaining good eye. These expert witnesses testified that claimant is industrially blind in the right eye. On the 17th day of July, 1950, claimant injured his right elbow, and on July 21, 1950, injured his left foot and left eye. He lost no time by reason of the accidental injury of July 17, 1950. As a result of the injury of July 21, 1950, he was hos-

pitalized at which time it was discovered that claimant had sustained a material injury to his right arm in his injury of July 17, 1950. An operation was performed on the arm. As a result of both injuries and the treatment incident thereto he spent 35 days in the hospital. He filed two separate claims for these injuries and the State Industrial Commission consolidated them for hearing. On December 28, 1950, in a separate award, he was given 10 per cent disability to the right arm and this award has been paid.

In addition to the testimony concerning the loss of the right eye it was testified that claimant had a loss of vision of 8 per cent in the left eye and a disability of 30 per cent to the right arm and 25 per cent disability to the left foot. One medical expert witness testified that as a result of the injury of the right eye and the right arm, claimant had a combined disability to the body as a whole of 55 per cent, and that due to the accidental injuries subsequent thereto in combination with the former injuries he had a combined disability of 75 per cent to the body as a whole. The State Industrial Commission found that there was a total loss of the right eye; that there had been adjudicated a 10 per cent loss to the right arm; that he had by reason of his accidental injury of July 21st an 8 per cent loss of vision in the left eye and a 20 per cent loss of use of the left foot. The award ordered payment by the employer of 8 per cent or 8 weeks at $25 per week for the loss of the left eye and 30 weeks at $25 per week for the disability to the left foot, and then concluded:

"That by reason of the combination of claimant's disability to the right eye in childhood, resulting in industrial blindness of said eye, and the injury on July 17, 1950, to his right arm, resulting in 10 per cent permanent partial to said right arm, and the injury of July 21, 1950, resulting in 8 per cent permanent loss of vision to the left eye, and the 20 per cent permanent partial disability to the left foot,

the claimant's permanent partial disability to his body as a whole has been materially increased; that as a result of claimant's prior injuries hereinabove set out the claimant's physical impairment prior to the injury of July 21, 1950, was 55 per cent permanent partial disability to the body as a whole, and as a result of the combination of all of said injuries, the claimant's permanent partial disability to his body as a whole has been materially increased to the extent of 10 per cent over and above deductions allowed by law, and claimant is entitled to be compensated therefor by the Special Indemnity Fund for 50 weeks at $25.00 per week, or the sum of $1,250.00, such compensation to be paid to claimant weekly at the expiration of the award hereinabove made for the injury of July 21, 1950."

It is first argued that the State Industrial Commission erred as a matter of law in finding that claimant was a physically impaired person for the reason there was not a total loss of the right eye. Petitioner cites in support of this contention Helmerich & Payne v. Stratton, 163 Okla. 202, 21 P. 2d 772, and Century Indemnity Co. v. Strength, 160 Okla. 161, 16 P. 2d 242, which hold, in effect, that testimony of a loss of "visual efficiency" is not sufficient to establish loss of vision. These cases are readily distinguishable from the case at bar. Certain medical expert witnesses for petitioner offered evidence of that degree of vision used by medical experts known as 20-20 and petitioner states according to the Snellen Chart used by medical expert witnesses the testimony discloses that claimant has lost not more than 23 per cent of his vision in the right eye. We do not think the testimony supports this conclusion. In addition to the loss of actual vision in the eye the medical experts above referred to testified that for all practical purposes claimant was industrially blind in this eye due to the fact that it was turned out and could not be co-ordinated with the left eye. There was no such testimony offered in the above cases referred to. We have held that an injured employee is a physically impaired person when one of his eyes is industrially blind. Poteet v. Special Indemnity Fund, 201 Okla. 440, 206 P. 2d 1143; Special Indemnity Fund v. Patterson, 202 Okla. 637, 217 P. 2d 536. Blindness means industrial blindness. Reynolds v. State Industrial Commission, 201 Okla. 139, 202 P. 2d 994; Ravelin Mining Co. v. Viers, 201 Okla. 12, 200 P. 2d 433; Starr Coal Co. v. Evans, 199 Okla. 342, 184 P. 2d 638. In Cunya v. Vance, 100 Ind. App. 687, 197 N. E. 737, it is stated that claimant is industrially blind when there is an industrial loss of normal vision; and in Henderson v. Consumers Power Co., 301 Mich. 564, 4 N. W. 2d 10, it is held that a claimant is industrially blind when sight is destroyed to the extent that no vision useful in industry remains. The State Industrial Commission did not err in finding that by reason of the loss of use of the right eye claimant was industrially blind in the right eye and a physically impaired person.

It is next argued that the State Industrial Commission erred as a matter of law in calculating the degree of disability to the body as a whole for the reason that it violates the rule announced in Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475. The prohibition therein is against the use of an arbitary formula not supported by the evidence. In a number of cases Special Indemnity Fund v. McMillin, supra, is cited to sustain any finding of the degree of the combined disabilities in relation to the body as a whole where it is supported by the evidence. Special Indemnity Fund v. Urban, 201 Okla. 226, 204 P. 2d 537; Clyde's Auto Salvage & Coal Operators Casualty Co. v. Hughes, 204 Okla. 467, 231 P. 2d 356; Special Indemnity Fund v. Harmon, 200 Okla. 358, 194 P. 2d 869; Special Indemnity Fund v. Patterson, supra. The evidence in the case at bar supports the finding of the State Industrial Commission as to the degree of combined disabilities.

Finally it is argued that the State Industrial Commission erred in not

first calculating the over-all disability and then subtracting from the over-all disability the disability caused by the former injuries and that caused by the latter injury. With this contention we agree. The 55 per cent established as the disability resulting from prior injuries would constitute 275 weeks and the 8 per cent loss of the eye together with the 20 per cent loss of the foot would constitute 38 weeks. It therefore appears that in order to allow an award against the Special Indemnity Fund of 10 per cent to the body as a whole over and above all deductions allowed by law it would be necessary to determine from the evidence that claimant has a disability of approximately 75 per cent to the body as a whole. There is no such finding in the record and we decline to say whether or not the evidence would support such finding.

This court had before it an almost identical situation in Miller v. Harmon Const. Co., 205 Okla. 280, 237 P. 2d 439. Therein the court said:

"The Commission found that petitioner as a result of his combined injuries sustained an injury materially greater in degree than he would have sustained by the last injury alone to the extent of 10 per cent permanent partial disability to his body as a whole over and above all deductions allowed by law for which petitioner is entitled to compensation in the sum of $1,050, 50 weeks, at the rate of $21 per week, to be paid by Special Indemnity Fund. We are not advised as to the method of calculation used by the Commission in arriving at this conclusion. We fail to see how the Commission could properly calculate the amount to be awarded against the Fund without first finding the disability sustained by petitioner as the result of his combined injuries. The finding of the Commission is too indefinite upon which to base a proper award against the Fund. Special Indemnity Fund v. Hewes, 202 Okla. 356, 214 P. 2d 240."

In Special Indemnity Fund v. Neal, 200 Okla. 242, 192 P. 2d 660, it is stated:

"In an award made against the Special Indemnity Fund under the provisions of 85 O.S. 1945 Supp. § 172, for permanent partial disability, it is the duty of the State Industrial Commission to calculate and allow the deductions provided for therein, and where there has been a failure substantially to comply with the statutory direction in this respect, the award against the Special Indemnity Fund will be vacated."

See, also, Special Indemnity Fund v. Ward, 199 Okla. 196, 185 P. 2d 186; Special Indemnity Fund v. Jennings, 201 Okla. 330, 205 P. 2d 873.

Since the award was not computed properly under the above cases the cause is remanded to the State Industrial Commission for proceedings not inconsistent with the views herein expressed.

Award vacated with directions.

HALLEY, V. C. J., and WELCH, JOHNSON, and O'NEAL, JJ., concur.