SPECIAL INDEMNITY FUND v. DICKINSON et al.

No. 35282. Feb. 3, 1953.

*253 P. 2d 161.*

Mont R. Powell, William R. Saied, and Sam Hill, Oklahoma City, for petitioner.

Rollie D. Thedford, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, J. This proceeding grew out of two claims against the same employer. A. L. Dickinson, claimant, filed his first notice of injury and claim for compensation stating that while employed by the Steelman Construction Company he sustained an accidental injury on December 13, 1950, when he injured his right knee. Thereafter, on April 15, 1951, he filed his first notice of injury stating that on March 7, 1951, he sustained an accidental injury when he injured his left knee. These two claims were heard together and the State Industrial Commission denied any award for the alleged injury of December 13, 1950. The State Industrial Commission made a finding under the provisions of 85 O. S. 1951 §172, determining that claimant was a physically impaired person and entered an award in favor of claimant and against the Steelman Construction Company for the disability resulting from the injury of March 7, 1951, and found that claimant sustained a degree of disability materially greater than the disability caused by the latter injury alone, by reason of the combination of disability to the right knee and the disability resulting from the accidental injury of March 7, 1951, and entered an award against Special Indemnity Fund.

This proceeding is brought by Special Indemnity Fund to review said award and it raises two propositions. It is first argued that there is no evidence to sustain the finding of the State Industrial Commission that claimant was a physically impaired person.

Claimant testified that he was clearing brush and burning it when on the 13th day of December, 1950, he injured his right knee; that as a result of this he has a permanent disability. There is expert medical testimony to support a degree of permanent disability. Claimant's brother, E. M. Dickinson, testified as a lay witness. He stated that he knew his brother had a disability to his right knee because he saw him constantly limping. It is seriously argued that this evidence is insufficient to sustain the finding under the statute. In Special Indemnity Fund v. Keel, 196 Okla. 315, 164 P. 2d 996, it is stated:

"Whether a claimant is a 'physically impaired person' as defined in 85 O.S. Supp. 1943 §171, is a question of fact to be determined by the State Industrial Commission from all the evidence before it. In cases involving 'loss of use' of a specific member 'such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession,' by reason of a prior injury to the body, the determination of such fact by the Commission must be supported by competent evidence of witnesses. The fact that such injury is 'obvious and apparent' may be proved by ordinary laymen, as defined therein, or by other competent persons, and in the absence of such evidence, an award based on said statute will be vacated."

See, also, Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164 P. 2d 980.

So far as we have been able to find, this court has never stated definitely what degree of physical disability must be apparent to a layman or lay witness described by the statute as "ordinary layman." In all of the cases involved up to this time there has been some objective evidence of a physical defect of the anatomy of the person involved other than the action resulting from a not otherwise manifest disability. However, we see no reason why an injury does not become "obvious and apparent" when according to the common parlance of a lay witness it is obvious that the person involved is constantly

conducting himself as a physically impaired person. We therefore hold that the evidence in the instant case is sufficient to sustain the finding of the State Industrial Commission.

The second argument must be sustained. The State Industrial Commission in fixing the degree of disability found that claimant by reason of the combination of the prior physical impairment and the disability resulting from the injury of March 7, 1951, sustained a 7½ per cent disability to the body as a whole in the performance of ordinary manual labor over and above all deductions allowed by law. This method of calculating an award was specifically disapproved in Special Indemnity Fund v. Woodrow, 206 Okla. 580, 245 P. 2d 445, and Miller v. Harmon Construction Co., 205 Okla. 280, 237 P. 2d 439. The claimant has confessed error in this respect and argues that this court may correct such error. With this contention we cannot agree. Under the foregoing opinions it is the duty of the State Industrial Commission to make the calculations pursuant to 85 O.S. 1951 §172.

In Special Indemnity Fund v. Woodrow, supra, we held with reference to an award made against the Special Indemnity Fund for permanent partial disability that it is the duty of the State Industrial Commission to calculate and allow the deductions provided for therein, and where there has been a failure substantially to comply with statutory direction in this respect, the award against the Special Indemnity Fund will be vacated.

In Miller v. Harmon Construction Co., supra, we stated:

"In order to arrive at a proper award to be entered against Special Indemnity Fund on a claim for compensation filed by a physically impaired person under the Special Indemnity Fund Act, 85 O.S. 1945 Supp., §172, the State Industrial Commission should first find the disability sustained by the employee as a result of his individual injuries and further find the disability sustained by him as a result of his combined injuries and compensation recoverable for such disability, and if the disability resulting from his combined injuries be found to be less than permanent total, subtract therefrom compensation recoverable for each individual injury and the balance will constitute the proper amount to be awarded as against the Fund."

The award is therefore vacated and the cause remanded to the State Industrial Commission for specific finding as to the percent of disability which the claimant was suffering from the right leg prior to subsequent injury. The Commission should then calculate the award in accordance with the above rule stated.

HALLEY, C.J., and WELCH, CORN, DAVISON, O'NEAL, and WILLIAMS, JJ., concur.