William B. McGOWEN, Petitioner,

v.

JOHN HINSON BUILDING CORPORA-
TION, State Insurance Fund and the State
Industrial Commission, Respondents.

No. 37971.

Supreme Court of Oklahoma.

Nov. 5, 1958.

**916**

Paul Pugh, Oklahoma City, for petitioner.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

William B. McGowen, claimant herein, filed a claim for compensation against his employer, John Hinson Building Corporation and its insurance carrier, Tri-State Insurance Company, referred to as respondents herein, and Special Indemnity Fund, referred to herein as the Fund, stating that on August 18, 1956, while in the employ of John Hinson Building Corporation, he sustained an accidental injury consisting of an injury to his left hand; that the injury occurred when a nail bar slipped and hit his hand causing some permanent loss of use of the hand. At the time he sustained his injury he was a physically impaired person within the purview of 85 O. S.1951 § 171, caused by polio in 1949, resulting in injury to his left leg, and a broken arm occurring in 1947.

The case came on for hearing before a trial judge on the 19th day of March, 1957, for compensation for disability due claimant for injury to his left hand occurring on August 18, 1956, alone, and resulted in an award on the basis of 25 per cent permanent loss to such hand.

Thereafter it was settled on joint petition and award paid.

On the 31st day of May, 1957, the cause came on to be heard before the trial judge as against the Fund. At that hearing the parties entered into a stipulation as to the hereinbefore detailed facts. In addition medical reports of Dr. W and Dr. M were admitted in evidence.

Dr. M in his report of June 4, 1957, states that he saw and examined claimant at the request of the Fund; that he obtained a history of the case from claimant which as set forth by the doctor is substantially as set forth in the stipulation of facts. The doctor upon that history and his own examination found:

"This patient sustained a fracture of both bones of the left wrist in 1947, confirmed by x-ray. As a result of the 1947 injury, he has a 5% permanent partial disability to the left hand.

"In 1949 he had polio, and as a result of this has a left lower leg disability, with marked atrophy and loss of function. He has, due to the 1949 condition, a 50% permanent partial disability to the left leg, along with the material increase, due to the combination of the two previous injuries, a 30% permanent partial disability to the body as a whole.

"In 1956 he sustained a fracture to the left ulna, with surgical removal of a portion of the distal end of the ulna. He has a 25% permanent partial disability to the left hand, due to this last injury.

Conclusion:

"As a result of the combination of the original injuries, and his most recent one, and the material increase as a result of the combination of the several injuries, he has, in my opinion, a 43% permanent partial disability to the body as a whole, for the performance of ordinary manual labor."

Dr. W in his report in some respects differs from the report of Dr. M but since

the trial judge, in his findings and award, appears to have accepted the report of Dr. M rather than that of Dr. W, which he had a right to do, we deem it unnecessary to discuss this doctor's report.

The trial judge predicated his findings upon the report of Dr. M, paragraph No. 3 of which is as follows:

"That by reason of the combination of said injuries claimant is now 43% permanently disabled, to the body as a whole, for the performance of ordinary manual labor, or an increase of 3% over and above all deductions allowed by law, for which he is entitled to recover from the Special Indemnity Fund the sum of $420.00, being 15 weeks at $28.00 per week."

An award was entered in favor of the claimant and against the Fund based thereon and in conformity therewith.

Claimant brings the case here for review and contends that the award in his favor and against the Fund is improperly computed and compensation as computed against the Fund is inadequate.

■ In a proceeding against the Special Indemnity Fund on a claim for compensation filed by a physically impaired person under 85 O.S.1951 § 172, the Commission should first find the disability sustained by the claimant as a result of his individual injuries, and then find the disability sustained by him as a result of his combined injuries and compensation recoverable for such disability, and if the disability resulting from his combined injuries be found to be less than permanent total subtract therefrom compensation recoverable for each individual injury and the balance will constitute the amount to be awarded against the Fund. 85 O.S.1951 § 172; Miller v. Harmon Construction Co., 205 Okl. 280, 237 P.2d 439; Special Indemnity Fund v. Jennings, 201 Okl. 330, 205 P.2d 873; Special Indemnity Fund v. Goad, Okl., 281 P.2d 179; Special Indemnity Fund v. Woodrow, 206 Okl. 580, 245 P.2d 445; Special Indemnity Fund v. Ward, 199 Okl. 196, 185 P.2d 186.

■ In conformity therewith the Commission found that claimant, as a result of his last injury occurring August 18, 1956, sustained a 25 per cent permanent partial disability to his left hand. An employee who suffers total loss of use of the hand under the schedule 85 O.S.1951 § 22, is entitled to 200 weeks compensation, and for a 25 per cent loss of the use of the hand under the schedule he would be allowed 25 per cent of 200 weeks or 50 weeks. The Commission also found that as a result of his prior injuries, the injuries which constituted claimant a physically impaired person, claimant sustained a 30 per cent permanent partial disability to his body as a whole. The schedule of the statute, supra, allows an employee for permanent total disability compensation for 500 weeks. For 30 per cent disability the compensation would be 30 per cent of 500 weeks or 150 weeks. The Commission found that claimant as a result of his combined injuries sustained a 43 per cent permanent partial disability to his body as a whole which would allow claimant under the statute and schedule 43 per cent of 500 weeks or 215 weeks. The statute requires that the Commission, in arriving at compensation to be awarded against the Fund, deduct from the overall disability the individual disabilities which would require a deduction of 50 weeks for claimant's last injury and 150 weeks for the injuries and disabilities which constituted him a physically impaired person or a total deduction of 200 weeks. 200 weeks from 215 weeks leaves 15 weeks compensation to be assessed against the Fund under the statute. 15 weeks compensation at $28 per week amounts to $420, the exact amount awarded claimant against the Fund by the Commission.

■ The Commission, the trier of the facts, predicated its findings upon the report of Dr. M and entered an award based thereon. There being competent evidence tending to support such findings and the award having been calculated in the manner prescribed by Section 172, supra, it is sustained. Special Indemnity Fund

v. Horne, 208 Okl. 218, 254 P.2d 988. Computation of the award against the Fund was made in accordance with the provisions of the statute and with our holding in the above cases. and is correct.

Award sustained.