SPECIAL INDEMNITY FUND OF the State of OKLAHOMA, Administered by the State Insurance Fund, Petitioner,

v.

Junior Ray TOWNSEND and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38512.

Supreme Court of Oklahoma.

Oct. 13, 1959.

Rehearing Denied Nov. 24, 1959.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioner.

Looney, Watts, Looney & Nichols, Oklahoma City, Hatcher & Wilson, Pauls Valley, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 3rd day of June, 1958, Junior Ray Townsend, hereinafter referred to as claimant, filed a claim for compensation against his employer, Goff-Leeper Drilling

Company, and its insurance carrier, The Travelers Insurance Company, stating that on May 14, 1958, while in the employ of respondent, Goff-Leeper Drilling Company, he sustained an accidental injury consisting of an injury to his lower back and left leg; that the injury occurred while he was engaged in racking drill collars and the lid slipped off a mouse hole and claimant stepped into the hole causing some permanent disability to his person; that at the time he sustained such injury he was a physically impaired person as the result of injuries sustained by him in the year of 1947, consisting of an injury to his left knee; an injury sustained in 1950 consisting of an injury to his lower back; an injury sustained by him in 1954 consisting of an injury to his right foot and an injury sustained in 1956 consisting of cervical spine injury.

Special Indemnity Fund was thereafter made a party respondent.

The trial judge at the close of the hearing as against respondent Goff-Leeper Drilling Company and its insurance carrier found that on May 14, 1958, claimant while in the employ of respondent, Goff-Leeper Drilling Company, sustained an accidental injury arising out of and in the course of his employment and that as a result of his injury he was temporarily totally disabled from May 14, 1958 to August 21, 1958, for which he is entitled to temporary total disability in the sum of $490, which amount has been fully paid and satisfied and on which date temporary total disability ended. The trial judge further found:

"That as a result of said injury claimant has sustained 14% permanent partial disability to his left leg for which disability claimant is entitled to compensation for 26.25 weeks; and has also, by reason of his back injury, sustained 10% additional to his body as a whole for which he is entitled to compensation for 50 weeks, or a total compensation of 76.25 weeks, at $30.00 per week, or the total amount of $2287.50, of which 5 weeks and 2 days have accrued to September 29, 1958 and shall

be paid in a lump sum of $160.00, balance of award to be paid at the rate of $30.00 per week from September 29, 1958."

The trial judge upon such findings entered an award against Goff-Leeper Drilling Company and its insurance carrier, The Travelers Insurance Company, in the sum of $2,287.50. The above award was entered on September 29, 1958.

On October 23, 1958, the case came on to be heard against Special Indemnity Fund. The trial judge at the close of that hearing, after making findings of fact substantially the same as made in the former award, further found that claimant at the time he sustained his May, 1958 injury was a physically impaired person by reason of the injuries sustained in 1947, 1950, 1954, 1955 and 1956, which injuries were shown by the record to have previously been adjudged and determined by the Commission as required by Sec. 171, 85 O.S.1951, with the possible exception of the 1947 injury which occurred in Texas and for which the claimant received $1,500 compensation. The record is not clear as to whether this adjudication was made in Texas or Oklahoma. That by reason of the combination of such injuries with the injury sustained by claimant in May, 1958, he was permanently totally disabled and entitled to compensation for his combined disabilities in the sum of $15,000 less the sum of $2,777.50, paid by his employer and its insurance carrier for claimant's last disability, leaving the Fund obligated to pay claimant $12,222.-50, and upon such finding entered an award against the Fund in said sum.

On the 24th day of October, 1958, claimant, his employer and insurance carrier entered into a joint petition settlement whereby it was agreed that the employer and insurance carrier would pay claimant a $100 bonus in addition to the award entered against them by the trial judge.

The trial judge on the same day approved the settlement and awarded claimant compensation against his employer, Goff-Leeper Drilling Company, and its in-

surance carrier in the sum of $2,387.50, which award was paid in full.

On October 27, 1958, the trial judge amended his award against the Fund by reducing the award against it from $12,222.-50 to $12,122.50, which award was sustained on appeal to the Commission en banc.

The Fund brings the case here for review and contends that the trial judge's refusal or failure to evaluate the disabilities sustained by claimant as a result of his prior injuries and to find compensation allowable for such combined injuries to the body as a whole, constitutes reversible error.

The statute, 85 O.S.1951 § 172, as far as here material, provides:

"If an employee, who is a 'physically impaired person', receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this State. If such combined disabilities constitute a permanent total disability, as now defined by the Workmen's Compensation Laws of this State, then such employee shall receive one hundred (100%) per centum of the compensation, as now provided by law, for such permanent total disability. If such combined disabilities constitute only a partial permanent disability, as now defined by the Workmen's Compensation Laws of this State then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the per centum of that disability that constituted the employee a 'physically impaired person', as defined herein, all of which shall be computed upon the schedule and provision of the Workmen's Compensation Law of this State. Provided the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment. * * *"

We have on different occasions held in order to arrive at a proper award to be entered against Special Indemnity Fund on a claim for compensation filed by a physically impaired person under the Special Indemnity Act, 85 O.S.1951 § 172, the State Industrial Commission should first find the disability sustained by the employee as a result of his individual injuries, and further find the disability sustained by him as a result of his combined injuries and compensation recoverable for such disability, and if the disability resulting from his combined injuries be found to be less than permanent total subtract therefrom compensation recoverable for each individual injury and the balance will constitute the proper amount to be awarded as against the Fund. McGowen v. John Hinson Building Corp., Okl., 331 P.2d 915; Miller v. Harmon Construction Co., 205 Okl. 280, 237 P.2d 439; Special Indemnity Fund v. Ward, 199 Okl. 196, 185 P.2d 186.

We think the Fund's contention would be correct if the Commission had found that claimant as a result of his combined injuries sustained a disability less than permanent total, but we do not think its contention can be sustained in this case since the Commission found that as a result of his combined injuries he was permanently totally disabled for the reason that if claimant's combined injuries had resulted in a disability less than permanent total it would have been necessary, in order to arrive at compensation to be awarded against the Fund, to deduct from compensation allowable for claimant's combined injuries compensation allowable for disability to the body as a whole due to his prior injuries. No such deduction is re-

quired where claimant's combined injuries result in permanent total disability. See Special Indemnity Fund v. Long, Okl., 281 P.2d 933, and cited cases.

Since the Fund does not seriously contend that the evidence is insufficient to sustain the finding of the Commission that claimant as a result of his combined injuries was rendered permanently and totally disabled, we do not deem it necessary to discuss the evidence as to this issue. It is sufficient to say that there is ample evidence to sustain such finding.

Where, as in this case, the evidence is sufficient to sustain the finding that claimant as a result of his combined injuries is rendered permanently totally disabled, it is not essential nor is it required by the statutes (Sec. 172, 85 O.S.1951, supra) that the Commission make the specific finding as contended by the Fund in order to form a basis for an award as against it.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON and BERRY, JJ., concur.

IRWIN and WELCH, JJ., dissent.

IRWIN, Justice (dissenting).

In my opinion, the findings of the State Industrial Commission are insufficient to sustain an award against the Special Indemnity Fund for the reason they do not disclose in what respect claimant was a "previously physically impaired person" as required by Title 85 O.S.1951 § 171.

The only findings by the Commission relating to the previous disabilities are: "that he was a previously physically impaired person as defined by statute, by reason of injuries in 1947, 1950, 1954, 1955, and 1956.

In Special Indemnity Fund v. Keel, 196 Okl. 315, 164 P.2d 996, 997, we said:

"The act specifically defines the term 'physically impaired person', and the operative force of the act is made dependent upon the existence of said condition. *One of the four conditions set forth in the statute must be found to exist before the Commission is authorized to make an award thereunder.* They may be enumerated as follows: (1) Loss of the sight of one eye; (2) loss by amputation of the whole or part of some member of his body; (3) total or partial loss of use of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession; (4) any disability which previously has been adjudged and determined by order of the State Industrial Commission."

In Special Indemnity Fund v. Hunt, 200 Okl. 1, 190 P.2d 795, 797, we said:

"* * * As a necessary precedent to the application of the Special Indemnity Fund Act and the entry of an award thereunder by the Commission, *it must be shown that the claimant is a 'physically impaired person' as defined in the Act;* that he suffered a subsequent compensable injury under the Workmen's Compensation Law which resulted in additional permanent disability; that the disability resulting from the subsequent injury is combinable with the disability theretofore existing by reason of previous impairment; *that the combination of both disabilities, the old and the new, is materially greater than that which would have resulted from the subsequent injury standing alone.*

"The foregoing prerequisite conditions on which the applicability of the Special Indemnity Fund Act rests are jurisdictional. In the absence of proof of their existence, the Commission is without power or authority to enter any award under the Act. The Industrial Commission, being an administrative fact finding board with certain judicial powers, is a quasi judicial body. But, unlike courts of record, *it must not only determine its jurisdiction but must show the existence of its jurisdiction of record,* so, therefore, *it is*

*not sufficient that the evidence show the existence of the foregoing prerequisites* to the authority of the Commission to enter an award against the Fund. *These facts must be found by the Commission and shown of record."*

Although the record discloses claimant suffered the following accidents: 1947, injury to left knee; 1950, injury to lower back; about 1954, injury to right foot, and 1956, cervical spine injury; they are not conclusive that he was a previously physically impaired person. The Commission must find as a prerequisite to the applicability of the act a condition as prescribed by Sec. 171, supra, which is a jurisdictional requirement and must be found by the Commission, and the evidence must reasonably tend to support such finding. Special Indemnity Fund v. Quinalty, 201 Okl. 204, 203 P.2d 713.

For the foregoing reasons, I respectfully dissent to the majority opinion.