SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Charley CHAMBERS and the State Industrial Court, Respondents.

No. 38789.

Supreme Court of Oklahoma.

Nov. 9, 1960.

Mont R. Powell, Mary Elizabeth Cox, Jack Baird, Oklahoma City, for petitioner.

M. W. Pugh, Marlow, Paul Pugh, Al Pugh, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Claimant, while in the employ of Crown Drilling Company, sustained an accidental injury to his right index finger. His claim against his employer was settled on a joint petition on the basis of 75 per centum loss of use of the injured finger with an added "bonus" of $37.50, or for the total amount of $825 (26.25 weeks at $30 per week plus $37.50). In the present proceeding claimant sought a further award against the Special Indemnity Fund (hereinafter referred to as Fund) under the provisions of 85 O.S.1951 § 171 and 85 O.S.Supp. 1959 § 172. At the hearing to determine claimant's rights as against the Fund it was stipulated that prior to his last accidental injury he was a physically impaired person by reason of a pre-existing impairment of the same finger. The only medical evidence admitted consists of a report by Dr. G in which claimant's condition was evaluated as follows: (a) 20 per cent permanent partial disability to the injured finger is attributable to pre-existing impairment; (b) 35 per cent loss of use is due to the last accidental injury; (c) the combined disability to the finger amounts to 75 per centum; (d) there is a "material increase" of 20 per cent loss of use by reason of combined disabilities. The order of the trial judge follows the opinion of Dr. G and recites findings in accordance therewith. Based on such determination an award was entered against the Fund for 20 per cent partial loss of use of the right index finger or seven weeks of compensation at $30 per week.

The decisive question submitted for our consideration relates to the method employed by the State Industrial Court in its calculation of the award.

In order to arrive at the proper amount, if any, to be awarded against the Special Indemnity Fund under the provisions of 85 O.S.1951 § 171 and 85 O.S.Supp.1959 § 172, when disability produced by the former injury combined with the latter is less than permanent total (500 weeks), it is necessary to subtract from the aggregate percentage of disability produced by pre-existing impairments in conjunction with the last injury the disability which constitutes claimant a physically impaired person and further deduct the award made to him for the latter injury standing along. It is only the remainder or balance, if any there be, for which liability may be imposed against the Fund. From the calculation formula set forth above it is apparent that the trial tribunal is without authority to enter an award against the Fund unless it finds, based on competent evidence, that the combination of all individual injuries, former and subsequent, produces in the aggregate that quantum of disability which, upon a subtraction of the pre-existing impairments, leaves a remainder of disability materially greater in degree

than that adjudged as having been caused by the last injury standing alone. Special Indemnity Fund v. Ward et al., 199 Okl. 196, 185 P.2d 186; Special Indemnity Fund v. Bennett et al., 199 Okl. 505, 187 P.2d 991; Special Indemnity Fund v. Neal et al., 200 Okl. 242, 192 P.2d 660; Special Indemnity Fund v. Jennings et al., 201 Okl. 330, 205 P.2d 873; Petroleum Maintenance Co. v. Herron, 201 Okl. 393, 206 P.2d 182; Special Indemnity Fund v. Goad et al., Okl., 281 P.2d 179; McGowen v. John Hinson Building Corp. et al., Okl., 331 P.2d 915.

 Since under the plain provision of the statute, 85 O.S.Supp.1959 § 172, it is the employer who must pay compensation for the percentage of disability "which would have resulted from the latter injury if there had been no pre-existing impairment", the Fund is by force of law entitled to credit for the full amount of benefits which, whether by joint petition or otherwise, were recovered by the workman for the latter injury standing alone. The statutory liability of the Fund may not be increased by substituting in the calculation formula a lower theoretical disability for one actually adjudged against the employer. Where no burden is cast by law, none may be imposed upon the Fund by means of a mathematical prestidigitation. Special Indemnity Fund v. Ring, 199 Okl. 685, 189 P.2d 939; Special Indemnity Fund v. Duff, 200 Okl. 57, 191 P.2d 584; Special Indemnity Fund v. Bennett, supra; Special Indemnity Fund v. Dimpel, 201 Okl. 526, 207 P.2d 776.

 In the case at bar, the combined disability to the index finger was determined at 75 per cent permanent loss of use. When translated into pecuniary benefits, it would entitle claimant to $787.50 (26.25 weeks at $30 per week). Had the trial tribunal made a proper calculation, it would have had to deduct therefrom the pre-existing disability of 20 per cent (seven weeks at $30 per week) as well as the award of $825 against the last employer,

and there would be no balance for assessment against the Fund.

The award is obviously the result of a miscalculation. The finding of the trial tribunal as to claimant's disability from the last injury standing alone should have been based upon and measured by the award entered against the employer. The uncontradicted evidence does not disclose that quantum of combined (aggregate) disability, which, upon subtraction of pre-existing impairment, would leave a difference materially greater than the percentage of disability determined to have resulted from the last injury standing alone. If credits were properly given for all deductions allowed by statute, there would exist no residuum and no basis upon which to predicate any liability against the Fund. Special Indemnity Fund v. Woodrow, 206 Okl. 580, 245 P.2d 445; Miller v. Harmon Construction Co., 205 Okl. 280, 237 P.2d 439.

Our view of the case renders it unnecessary to discuss and consider other arguments urged by the Fund.

 For the claimant it is insisted that the Fund is precluded from asserting error based on miscalculation since it did not object or defend on that theory. The Fund did not stipulate that there was a material increase by reason of combined disabilities, nor did it agree to or acquiesce in the method by which its liability was fixed. Before the entry of the award there was no opportunity to raise the precise issue. This proceeding was lodged directly from the order of the trial judge and the matter is properly presented on review. Moreover, when an award against the Fund is due to and results entirely from an incorrect calculation, the question is one of jurisdiction which is always open for an examination on review. Special Indemnity Fund v. Hunt et al., 200 Okl. 1, 190 P.2d 795.

The proceeding is remanded to the State Industrial Court with directions to vacate the award.