SPECIAL INDEMNITY FUND
v. NEAL et al.

No. 32829.   April 20, 1948.

*192 P. 2d 660.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner,

Wallace Hatcher, of Pauls Valley, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J.   This is an original proceeding brought by Special Indemnity Fund to review an award made against it in connection with an injury sustained by S. A. Neal who was employed by the city of Pauls Valley, Oklahoma.

In the claim filed February 2, 1946, it is stated that claimant was shoveling gravel in a truck when the gravel bank fell knocking claimant under the truck, breaking his left leg and injuring his back.

Following proceedings conducted to determine the cause and extent of the disability, the State Industrial Commission entered an award against the city of Pauls Valley for the specific disability resulting by reason of the injury to the leg and in addition found that by reason of prior injuries the claimant was a physically impaired person within the meaning and definition of 85 O.S. 1945 Supp. §172, to the extent of 25 per cent permanent partial disability

to his right hand and 20 per cent permanent partial disability to his left hand. The State Industrial Commission then made the following finding:

" . . . that by reason of the combination of his pre-existing disability to his right hand of 25 per cent and of the 30 per cent disability to his left leg, caused by his last accident, claimant has suffered a 27.5 per cent permanent partial disability to his body as a whole. . . ."

In the proceeding brought to review the award, the petitioner, among other things, argues that the State Industrial Commission has ignored the disability to the left hand and has ignored the statutory direction found in 85 O.S. 1945 Supp. §172, directing the manner in which awards made jointly against the Special Indemnity Fund shall be calculated. With this contention we agree.

85 O.S. 1945 Supp. §172 provides as follows:

"If an employee, who is a 'physically impaired person', receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this State. . . .If such combined disabilities constitute only a partial permanent disability, as now defined by the Workmen's Compensation Laws of this State, then such employee shall receive full compensation as now provided by law for the disability resulting directly and specifically from such subsequent injury, and in addition thereto such employee shall receive full compensation for his combined disability as above defined, after deducting therefrom the per centum of that disability that constituted the employee a 'physically impaired person', as defined herein, all of which shall be computed upon the schedule and provision of the Workmen's Compensation Law of this State. Provided the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment . . ."

The State Industrial Commission should not disregard the physical condition resulting from prior injuries which would render the claimant a "physically impaired person." Cameron & Henderson, Inc., v. Franks et al., 199 Okla. 143, 184 P. 2d 965. The respondent argues that the statute does not state that **all** the physical impairment due to prior injuries must be subtracted from the combined disability. The contention is contrary to the plain provision of the statute. It is necessary that there be a substantial compliance with the statute and when there has been a failure so to do so that prejudice results to the Special Indemnity Fund, the award should not be permitted to stand. Leaving out of consideration the 20 per cent disability to the left hand places a greater burden upon the Special Indemnity Fund by increasing the amount of compensation to be paid by it.

The claimant relies upon Special Indemnity Fund v. George, 198 Okla. 457, 179 P. 2d 919. This case did not arise under the 1945 amendment of section 172, supra, but arose under the 1943 amendment and is therefore not in point.

The claimant argues that under Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475, and Wetherbee Electric Co. v. Carmichael, 194 Okla. 121, 148 P. 2d 188, the award is correctly computed. We cannot so find from the holding of the State Industrial Commission. In each of these latter cases the State Industrial Commission found the degree of disability resulting from a combination of all of the injuries. There is no such finding in the case at bar. The award completely ignores the degree of disability contributed by the injury to the left hand.

The award made against Special Indemnity Fund must be vacated for another reason. Although there is evidence in the record as to the degree of disability to the right hand, the left hand and the left leg, there is no evidence, medical or otherwise, that the degree of permanent partial disability caused by the combination of the subsequent and prior disabilities is materially greater than that which would have resulted from the subsequent injury alone; and until there is competent evidence reasonably tending to disclose that there is such a degree of disability as is defined by the statute, no award can be made against the Special Indemnity Fund. Special Indemnity Fund v. Drye, 199 Okla. 553, 188 P. 2d 359. If this degree of disability is established by the evidence and such finding is made by the State Industrial Commission, it is then the duty of the State Industrial Commission to subtract from any award against the Special Indemnity Fund for permanent partial disability the "per centum of that disability that constituted the employee a 'physically impaired person' . . ."

The cause is remanded to the State Industrial Commission with directions to vacate the award entered against the Special Indemnity Fund and to proceed in accordance with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur.