SPECIAL INDEMNITY FUND v. JENNINGS et al.

No. 32878.   March 22, 1949.
Rehearing Denied May 3, 1949.

*205 P. 2d 873.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, for respondents.

LUTTRELL, J.   This is an original proceeding in this court, brought by Special Indemnity Fund, to review an award of the State Industrial Commission in favor of R. E. Jennings against petitioner.

From the record it appears that claimant, a roustabout or common laborer, 46 years of age, employed by Lee A. Long, a drilling contractor, received an injury to his left foot on November 6, 1945.   Claimant was at that

time a physicially impaired person, having an injury to his right wrist, which occurred on November 23, 1929, and for which he applied for and received compensation. The award of compensation for that injury was made on January 22, 1946, the commission finding that claimant had sustained 10 per cent permanent partial disability to his right hand. The evidence also disclosed that claimant, when two years of age, injured his left eye so that he was totally blind in that eye.

In the award which petitioner seeks to review, the trial commissioner found that on the date of the last injury the claimant was a physically impaired person as a result of the 10 per cent disability to his right hand and the total loss of vision of the left eye, and that as a result of all three injuries combined claimant was 40 per cent permanently partially disabled. It found that as a result of the foot injury of November 6, 1945, claimant sustained 7 per cent permanent partial disability to the left foot. It deducted the amount of that injury from the combined disability, deducted the statutory disability for the loss of an eye, deducted the amount of the award for the wrist or hand injury which occurred November 23, 1929, and assessed the remainder of the 40 per cent against the Indemnity Fund.

The finding of the commission showing the deductions made and the manner of arriving at the award against the Indemnity Fund reads as follows:

"That as a result of the injury of November 6, 1945, the claimant has sustained 7 per cent permanent partial disability to the left foot, for which he is entitled to compensation for 10½ weeks at $21.00 per week, or the total sum of $220.50, to be paid by respondent and insurance carrier.

"That on November 6, 1945, the claimant was a physically impaired person under the law in that on January 22, 1946, the claimant was awarded ten per cent permanent partial disability to his right hand, as a result of an injury to his right hand received on November 23, 1929, and by reason of the total loss of vision in the left eye, occurring in infancy, apparent to an ordinary layman by observation and examination, and that, as a result of all of said injuries, herein set out, claimant has 40 per cent permanent partial disability to the body as a whole to do and perform ordinary manual labor, for which he is entitled to compensation for 200 weeks at the rate of $21.00 per week, or the total sum of $4,200.00; that · of said amount, the respondent and insurance carrier are to pay the award of $220.50 ordered herein; that the Special Indemnity Fund shall pay the balance of said award, less the specific disability fixed by law for loss of eye of 100 weeks or $2,100.00, and less the $277.00 paid in cause numbered A-42748 by order of the Commission for the injury of November 23, 1929, leaving a balance due claimant for all of said combined disabilities of $1,602.50, to be paid at the rate of $21.00 per week by the Special Indemnity Fund."

The Indemnity Fund urges that the finding of the commission that as a result of the combination of all of said injuries claimant was 40 per cent permanently partially disabled, is arbitrary and unreasonable in view of the fact that claimant, despite the loss of an eye in childhood and the injury to his wrist in 1929, had been steadily employed; that although the injury to his wrist occurred on November 23, 1929, he did not make any claim for compensation until long after that injury was received by him, and that the loss of his eye occurred in early childhood and apparently did not incapacitate him in any respect. We are unable to agree with this contention.

The only physician who testified as to the extent of disability due to these previous injuries and their combination with the last injury was Dr. Phil E. White. He testified that the combination of all three injuries, in his opinion, resulted in permanent disability to the body as a whole of approximately 80 per cent. He further testified that the last injury resulted in a

15 per cent permanent loss of the use of the left foot and that the injury, when combined with the wrist or hand injury suffered in 1929, resulted in approximately 25 per cent permanent partial disability to the body as a whole. He did not testify as to the degree of disability resulting from the combination of the loss of the eye and the injury to claimant's wrist or hand suffered in 1929, although he evidently considered that those injuries were combinable. From his testimony as above set forth it appears that he attributed 55 per cent of the 80 per cent total disability, testified to by him, to the loss of claimant's eye in childhood. The doctor's qualifications were admitted and there can be no question as to the competency of his testimony.

In view of the wide divergence between the theoretical disability testified to by Dr. White, and the actual disability as reflected by the claimant's continuous employment and ability to perform heavy manual labor in spite of his prior injuries, the commission properly called to its assistance its own general knowledge and experience as men of common understanding and judgment, and attempted to arrive at the actual degree of disability resulting from all these injuries. This is in accord with our holding in Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475.

The Special Indemnity Fund also contends that the deductions for prior injuries were improperly made. This contention is well taken and must be sustained. While Dr. White testified as to the percentage of disability due to the combination of the wrist and foot injuries, as heretofore pointed out, he was not questioned as to the disability to the body of claimant as a whole resulting from the combination of the loss of his eye and the injury to his wrist. Both of these injuries, or either of them, were sufficient to constitute claimant a physically impaired person. If, when combined, they resulted in disability to the body as a

whole, the disability resulting from the combination of the two injuries could be properly considered the percentum of disability which constituted claimant an impaired person, and which was required to be deducted from the total disability by the 1945 law. S. L. 1945, p. 418, O. S. Cum. Sup. 1947, Title 85, section 172. The commission would be authorized to make separate deductions for the two injuries only in the event the evidence showed such injuries were not combinable, or that the combination thereof did not result in disability to the body as a whole. If the evidence affirmatively showed they were not combinable or that when combined they did not result in disability to the body as a whole, then the commission could deduct them separately.

In Special Indemnity Fund v. Neal, 200 Okla. 242, 192 P. 2d 660, we said that the State Industrial Commission could not disregard the physical condition of a claimant which resulted from prior injuries which would render him a physically impaired person, and vacated an award because the commission failed to consider a 20 per cent partial disability to the claimant's left hand in subtracting the percentum of disability due to previous injuries from the award made against the Indemnity Fund.

In the instant case, as pointed out, the testimony of Dr. White was based upon the combination of the eye injury with the other injuries, and in such case, where claimant was a physically impaired person by reason of two prior injuries, which were combinable, that is, the injury to his wrist and the injury to his eye, the commission should have required evidence to establish the degree of disability occasioned by the combination of those two injuries; made a finding upon said evidence as to the percentage of disability resulting from the combination of the said two injuries, and deducted the amount or percentage of disability so found by it from the total disability of 40 per cent before making an award against the Special

Indemnity Fund. The 1945 Law requires the commission to deduct "the percentum of that disability that constituted the employee a physically impaired person". Therefore, where claimant is a physically impaired person by reason of two or more prior injuries which are combinable, it was the duty of the commission to find the degree of impairment resulting from the combination of the multiple injuries which made claimant a physically impaired person, and to deduct the same together with the award for the last injury, from the total award before assessing the remainder thereof against the Special Indemnity Fund.

The award is vacated, with directions to the Industrial Commission to proceed in accordance with the views herein expressed.

DAVISON, C.J., and CORN, HALLEY and JOHNSON, JJ., concur. WELCH, GIBSON, and O'NEAL, JJ., concur in conclusion.

No. 32366. April 12, 1949.
Rehearing Denied May 3, 1949.