SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner;

v.

Edward GOAD, Lippert Brothers, Inc., and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36585.

Supreme Court of Oklahoma.

March 15, 1955.

Mont R. Powell, Sam Hill, Oklahoma City, for petitioner.

Williams & Hansen, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

On January 15, 1948 Edward Goad, hereinafter called claimant, filed his claim

for compensation stating that on the 19th day of December, 1947, while employed by Lippert Brothers, Inc., he sustained an injury to his right wrist. The claim was settled on joint petition March 18, 1948 insofar as it affects Lippert Brothers, Inc. Thereafter on April 29, 1954, this proceeding was commenced following which an award was made in part as follows:

"That at the time of said injury claimant was a previously impaired person, within the meaning of the Workmen's Compensation Act, by reason of the following: An injury to his right thumb on October 2, 1944; an injury to his right hand in 1944, date unknown; an injury to his right foot, date unknown; and an injury to his left hand in 1927. That by reason of his separate injuries, standing alone, claimant now has a 10% permanent partial disability to his right hand by reason of the 1947 injury; 7½% disability to his right hand by reason of the 1944 injury to his thumb; 5% permanent partial disability to his right hand by reason of the 1944 injury; 10% disability to his right foot; and 7.5 permanent partial disability to his left hand by reason of the 1927 injury.

"That as a result of the combination of all injuries, claimant now has a 22.5% permanent partial disability to his body as a whole for the performance of ordinary manual labor, resulting in an increase of disability, over and above all deductions authorized by law, of 7.5% to the body as a whole; for which he is entitled to recover from the Special Indemnity Fund the sum of $937.50, being 37.5 weeks at $25.00 per week, his compensation rate at the time of the last injury."

This proceeding is brought by petitioner to review the award. It is not denied that claimant is entitled to an award. Petitioner objects to the method of computation.

Dr. G. filed a report for petitioner. He first fixed the degree of each specific in-

jury prior to the last injury and stated that due to the prior injuries claimant had a 15 per cent disability to the body as a whole; that due to the last injury claimant had a disability of 10 per cent to the hand. He fixed the combination of the prior disability and the last injury at 22½ per cent disability to the body as a whole.

Dr. S. filed a report for the claimant. He fixed the degree of disability to each specific member and fixed the degree of disability to the hand caused by the last injury at 20 per cent. He did not fix the degree of disability to the body as a whole caused by the injuries prior to the last injury. He fixed the degree of disability as the combination of all of the injuries at 30 per cent.

It is argued, first, that the State Industrial Commission erred in its finding as to the disability caused by each specific injury. The only difference in the degree of disability caused by the specific injuries fixed which is material to the proposition is the 10 per cent disability to the hand fixed by Dr. G. which he stated was due to the last injury alone, and the 20 per cent fixed by Dr. S. for the same injury. It is the position of petitioner that the State Industrial Commission must take the 20 per cent fixed by Dr. S. There was no error in this finding. The State Industrial Commission may accept any estimate of disability that is made by any qualified medical expert witness. Special Indemnity Fund v. Horne, 208 Okl. 218, 254 P.2d 988.

In its second proposition petitioner argues that according to the undisputed evidence of Dr. G. the combination of the prior injuries was 15 per cent to the body as a whole; that the State Industrial Commission erred in not finding the degree of prior disability to the body as a whole. Petitioner cites Special Indemnity Fund v. Jennings, 201 Okl. 330, 205 P.2d 873; Special Indemnity Fund v. Neal, 200 Okl. 242, 192 P.2d 660. Both of these cases are authority for the rule that the State Industrial Commission cannot ignore a specific disability that constitutes a claimant a physically impaired person.

Special Indemnity Fund v. Jennings, supra, is authority for the rule that where there is competent evidence of disability to the body as a whole caused by prior injuries it must be computed by the State Industrial Commission.

■ As remarked by counsel for claimant in each of these above cases the State Industrial Commission, or the qualified medical expert left out a disability that contributed to the degree of disability. Claimant therefore argues that since Dr. G. alone found the 15 per cent disability to the body as a whole by reason of prior injuries and Dr. S. included all of the specific injuries or disabilities and failed to fix a percentage to the body as a whole the State Industrial Commission had the right to take the list of specific injuries and the resulting disabilities given by Dr. S. and thereby find by inference that there was no disability to the body as a whole due to the prior injuries. We do not agree. In Special Indemnity Fund v. Jennings, supra [201 Okl. 330, 205 P.2d 874], we said:

"Where one who is a physically impaired person by reason of two or more injuries compensable under the Workmen's Compensation Law which may be combined so as to constitute a percentage of permanent partial disability to the body as a whole, sustains a subsequent compensable injury, which is combinable with the prior injuries, the State Industrial Commission, before it can make an award against the Special Indemnity Fund, must first determine and find from the competent evidence the permanent disability, if any, to claimant's body as a whole resulting from the combination of the prior injuries with the last injury. If it finds from such evidence that the combination of all of said injuries result in permanent partial disability in a degree materially greater than that which would have resulted from the last injury alone it should fix the amount of the award to which claimant is entitled by reason of the combination of all of said injuries. It should then determine and find the amount of the award to which claimant would be entitled for the last injury standing alone, and should make an award against the last employer for such injury. It should then find and determine from the competent evidence the percentage of permanent partial disability, if any, to claimant's body as a whole resulting from the combination of the prior injuries which constituted claimant a physically impaired person. It should then deduct from the amount of the award made for the combined disability resulting from all of the injuries the amount of the award made against the employer for the last injury, and should also deduct the amount attributable to the disability to the body as a whole resulting from the combination of the prior injuries which rendered claimant a physically impaired person. The amount, if any, remaining after such deductions were made would, under the provisions of the 1945 law, 85 O.S. 1947 Suppl., section 172, be that portion of the award for which ·Special· Indemnity Fund would ·be liable, ·and for which an award could be made· against ·it."

■ Claimant answers a statement in the brief of petitioner that the State· Industrial Commission has repeatedly refused to follow this language and states that under the rule announced in ·Williams v. Continental Const. Corp., 168 Okl. 510, 34 P.2d 254, this constitutes a rule of construction long indulged in by the State Industrial Commission that should be given consideration by this court. We are not impressed with this argument. We think the above language in the syllabus of Special Indemnity Fund v. Jennings, supra, is a mandatory direction which must be followed in the case under consideration. The State Industrial Commission could not ignore the uncontradicted testimony of Dr. G. that by reason of the combination of the prior injuries claimant had a disability to the body as a whole.

The award is vacated and the cause remanded to the State Industrial Commission for further proceedings not inconsistent with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, BLACKBIRD and JACKSON, JJ., concur.