SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Carl Lee LONG et al., Respondents.

No. 36652.

Supreme Court of Oklahoma.

April 6, 1955.

Mont R. Powell and Anthony R. Kane, Oklahoma City, for petitioner.

B. E. Bill Harkey and Don Anderson, Oklahoma City, Oklahoma, and Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

This is a proceeding by Special Indemnity Fund, herein referred to as the Fund, to review an award of the State Industrial Commission awarding compensation to respondent Carl Lee Long. Respondent's employer, John N. Anderson, and his insurance carrier are made parties to the proceeding.

On the 19th day of April, 1954, respondent filed his claim for compensation in which he states that on the 12th day of March, 1954, while in the employ of John N. Anderson he sustained an accidental injury to his head and left eye. The injury was caused by striking his head against a "cathead". He thereafter filed an amended claim in which he states that at the time he sustained his present injury he was a physically impaired person by reason of having sustained the total loss of sight of his right eye as the result of an accident which occurred in early childhood.

The trial commissioner at the close of the evidence made a separate award against John N. Anderson and his insurance carrier and by agreement retained the case for further hearing against the Fund at a future date.

The commissioner at that hearing, after finding that respondent while in the employ of John N. Anderson sustained an acciden-

tal personal injury consisting of an injury to his head and left eye and as the result of that injury he was temporarily totally disabled for five weeks for which he was entitled to compensation at the rate of $28 per week or a total sum of $140, further found:

"That as a result of said injury, claimant sustained 30 per cent loss of vision by reason of injury to his left eye, being now industrially blind in said left eye, due to prior disability to the same eye and additional disability by reason of his injury of March 12, 1954, for which he is entitled to compensation for 30 weeks, same being for the amount of loss of vision to his left eye sustained by reason of the injury of March 12, 1954; that compensation for 30 weeks at $28.00 per week amounts to $840.00, same to be paid in a lump sum."

The trial commissioner on these findings entered an award against John N. Anderson and his insurance carrier accordingly. This award has been fully paid and satisfied.

The case thereafter came on for hearing, as against the Fund, before a trial commissioner who at the close of the evidence after referring to the findings and award made at the previous hearing further found that respondent at the time he sustained his present injury was a physically impaired person by reason of complete blindness in his right eye and prior disability of his left eye, and that as a result of his combined injuries he was permanently totally disabled and entitled to compensation against the Fund for 500 weeks less the 30 weeks allowed against the employer by its order of June 16, 1954, or $13,160 payable at $28 per week and entered an award against the Fund accordingly which was sustained on appeal to the Commission en banc.

The Fund brings the case here to review this award and for its vacation relies upon two propositions. The first proposition urged is that respondent was permanently totally disabled prior to the time he sustained his last injury and that the commis-

sion was therefore without authority to enter an award against it under the holding in Special Indemnity Fund v. Prewitt, 201 Okl. 308, 205 P.2d 306.

■ We find no merit in such contention. Respondent testified that notwithstanding he was industrially blind in his right eye and the sight of his left eye was somewhat impaired prior to the time he sustained his injury he was still able to do ordinary manual labor and continued to do so until he sustained his present injury. He wore glasses while at work but was able to do some types of manual labor without the use of glasses. Since he sustained the injury in question he has very little vision in his left eye with or without glasses and cannot see well enough to do ordinary manual labor.

Dr. J. L. testified that prior to the injury in question respondent had 25% loss of visual acuity in both eyes. Dr. P. testified that in 1952, and prior to the injury in question, respondent was industrially blind in his right eye and the visual acuity in his left eye was less than 20/200 without glasses but corrected to 20/20 with glasses.

It is undisputed that at the time of the injury, respondent was an oil field driller earning $1.60 an hour.

There is therefore evidence that respondent was not totally disabled prior to the time of the injury in question. The commission found this issue against the Fund, and there being evidence reasonably tending to support such finding it will not be disturbed in this court.

■ As its second proposition the Fund contends that if the last injury destroyed the vision of respondent's left eye, the commission should have assessed a total loss of vision of one eye against the employer and its insurance carrier instead of the 30% loss actually assessed, thus entitling the Fund to a deduction of $2,800 instead of $840 as found by Commission. In support of such proposition it cites and relies upon the case of Ravelin Mining Co. v. Viers, 201 Okl. 12, 200 P.2d 433. The case is not in point, however, for the reason that there the Commission found that the total loss of use of the eye was attributable to the last injury

and made an award accordingly. We sustained the finding and award because there was evidence reasonably tending to support the same. In the case at bar the Commission found that the injury in question resulted in a 30% loss of vision and made an award against the employer accordingly. Although the medical testimony is somewhat in conflict there is ample such evidence to support the Commission's findings in this regard and it will therefore not be disturbed. The Commission further found that respondent was a previously physically impaired person by reason of complete industrial blindness in the right eye and prior disability in the left eye and that by reason of the combination of the last injury with the prior disability, respondent is now permanently and totally disabled, and made an award against the Fund accordingly for 500 weeks compensation less the 30 weeks compensation previously awarded against the employer.

█ Such action was in strict accord with the provisions of the statute and the opinions of this court in Wise-Buchanan Coal Co. v. Risco, 150 Okl. 190, 1 P.2d 411, and Indian Territory Illuminating Oil Co. v. Hendrixson, 158 Okl. 176, 13 P.2d 137. In Wise-Buchanan Coal Co. v. Risco, supra [150 Okl. 190, 1 P.2d 414], we said:

"In order that there may be no misunderstanding, we state the rule to be that where one engaged in employment within the terms of the Workmen's Compensation Act (Comp.St.1921, § 7282 et seq., as amended) has a permanently defective vision in the right eye, and while so engaged sustains an injury to the right eye which arises out of and in the course of his employment and which causes a permanent loss of vision in that eye in excess of the permanent loss of vision therein prior to the injury, the difference between the permanent loss of vision prior to the injury and the permanent loss of vision after the injury constitutes the amount of permanent loss of vision resulting from the injury and is the basis of the award to be made to the injured workman therefor."

Commission correctly applied such ruling in awarding 30 weeks compensation against the employer.

85 O.S.1951 § 172 provides:

"If an employee, who is a 'physically impaired person', receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this State. If such combined disabilities constitute a permanent total disability, as now defined by the Workmen's Compensation Laws of this State, then such employee shall receive one hundred (100%) per centum of the compensation, as now provided by law, for such permanent total disability. * * * Provided the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 3 of this Act, in periodical installments and without commutation thereof to a lump sum."

Since the evidence shows that respondent was a physically impaired person at the time he sustained the injury in question and that as a result of his combined disabilities respondent is now permanently totally disabled, the amounts of compensation he is entitled to recover against the employer and insurance carrier and the Fund are governed by the above quoted statute. The award made by the Commission is in accordance with such statute and therefore will not be disturbed.

As its last proposition the Fund contends that the award against it is excessive in the amount of $140, which contention ap-

pears to be well taken. The trial commissioner found that respondent was entitled to five weeks temporary compensation at $28 per week, or $140, plus 30 weeks at $28 per week, or $840, permanent disability, or a total of $980 to be paid by the employer and his insurance carrier. The Commissioner then ordered the Special Indemnity Fund to pay claimant $13,160. The two awards total $14,140 or $140 more than the maximum amount allowed by statute. 85 O.S.1951 § 22. It is apparent that the Commissioner inadvertently failed to deduct the $140 temporary compensation paid by the employer and his insurance carrier in determining the balance due from the Fund. On the authority of Oklahoma Oil Corporation v. Tuttle, 187 Okl. 467, 103 P.2d 516, the award is corrected so as to provide that credit shall be given on the amount of the award due from the Special Indemnity Fund for the $140 temporary compensation paid by the employer and his insurance carrier, and as so corrected is sustained.

JOHNSON, C. J., and CORN, DAVISON, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.