SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Louis Gilbert JORDAN, Fleet Drilling Company, United States Fidelity and Guaranty Company and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36699.

Supreme Court of Oklahoma.

April 6, 1955.

Original proceeding brought by Special Indemnity Fund to review an award made by the State Industrial Commission against it in favor of Louis Gilbert Jordan, claimant. Award vacated with directions.

Mont R. Powell, William R. Saied, Oklahoma City, for petitioner.

Ben N. Hatcher, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On the 25th day of February, 1954, Louis Gilbert Jordan, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury on November 28, 1953, while employed by Fleet Drilling Company, said injury being to his left hand. The liability of the employer was settled on joint petition. Thereafter a hearing was conducted to determine the liability of Special Indemnity Fund by reason of claimant being a physically impaired person due to prior injuries to his right foot and right hand.

Dr. G furnished the only medical report in which it is stated that claimant had a pre-existing injury to his right foot of 5 per cent and his right hand of 5 per cent and that by reason of the combination of these pre-existing injuries he had a 5 per cent disability to the body as a whole; that by reason of the last injury he has 5 per cent disability to the left hand and that by reason of the combination of the prior injury and the latter injury he has a disability materially greater in degree than that caused by the latter injury alone; that he has a disability by reason of all of the injuries of 10 per cent to the body as a whole.

The State Industrial Commission entered an award in part as follows:

"That the above described injury resulted in five per cent permanent partial disability to claimant's left hand.

"That at the time of the above injury, claimant was a previously physically impaired person by reason of an injury to his right foot, resulting in 5 per cent permanent partial disability to the right foot, same being a 1933 injury.

"That in 1948 claimant sustained an accidental personal injury to his right hand, resulting in 5 per cent permanent partial disability to said hand.

"That as a result of all of the above described injuries, claimant is now 10 per cent permanently partially disabled to the body as a whole, by reason of the combination thereof, for which claimant is entitled to compensation for 50 weeks at $28.00 per week, less 7.5 weeks for the right foot injury of 1937, and 10 weeks for the right hand injury of 1948, and less 10 weeks for his 1953 injury to left hand, leaving the Special Indemnity Fund liable for payment of compensation to claimant, based on an increase of 4.5 per cent permanent partial disability, to the body as a whole, for 22.5 weeks at $28.00 per week, or the total sum of $630.00 (less tax and attorney fee)."

Petitioner has brought this proceeding to review the award and raises the single issue that under the rule announced in Special Indemnity Fund v. Jennings, 201 Okl. 330, 205 P.2d 873, 874, the State Industrial Commission erred in computing the award. We agree. In Special Indemnity Fund v. Jennings, supra, it is stated:

"Where one who is a physically impaired person by reason of two or more injuries compensable under the Workmen's Compensation Law which may be combined so as to constitute a percentage of permanent partial disability to the body as a whole, sustains a subsequent compensable injury, which is combinable with the prior injuries, the State Industrial Commission, before it can make an award against the Special Indemnity Fund, must first determine and find from the competent evidence the permanent disability, if any, to claimant's body as a whole resulting from the combination of the prior injuries with the last injury. If it finds from such evidence that the combination of all of said injuries results in permanent partial disability in a degree materially greater than that which would have resulted from the last injury alone it should fix the amount of the award to which claimant is entitled by reason of the combination of all of said injuries. It should then determine and find the amount of the award to which claimant would be entitled for the last injury standing alone, and should make an award against the last employer for such in-

222

jury. It should then find and determine from the competent evidence the percentage of permanent partial disability, if any, to claimant's body as a whole resulting from the combination of the prior injuries which constituted claimant a physically impaired person. It should then deduct from the amount of the award made for the combined disability resulting from all of said injuries the amount of the award made against the employer for the last injury, and should also deduct the amount attributable to the disability to the body as a whole resulting from the combination of the prior injuries which rendered claimant a physically impaired person. The amount, if any, remaining after such deductions were made would, under the provisions of the 1945 law, 85 O.S.1947 Suppl., section 172, be that portion of the award for which Special Indemnity Fund would be liable, and for which an award could be made against it."

In considering the method of computing awards for prior multiple injuries we said:

" * * * The 1945 law requires the Commission to deduct 'the percentum of that disability that constituted the employee a "physically impaired person"'. Therefore, where claimant is a physically impaired person by reason of two or more prior injuries which are combinable, it was the duty of the Commission to find the degree of impairment resulting from the combination of the multiple injuries which made claimant a physically impaired person, and to deduct the same together with the award for the last injury, from the total award before assessing the remainder thereof against the Special Indemnity Fund."

The cause is remanded to the State Industrial Commission with directions to vacate the award as entered and to enter an award in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD and JACKSON, JJ., concur.