**SPECIAL INDEMNITY FUND, Petitioner,**
v.
**I. C. BROWN and the State Industrial Commission, Respondents.**

**No. 38131.**

Supreme Court of Oklahoma.
April 21, 1959.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Conyers & Conyers, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

This is a proceeding brought by Special Indemnity Fund, administered by the State Insurance Fund, to review an award made by the State Industrial Commission to I. C. Brown.

The record discloses that I. C. Brown, hereinafter called claimant, obtained an award of the State Industrial Commission for 15 per cent permanent partial disability to the body as a whole on January 18, 1954, by reason of an accidental injury to the head sustained on October 31, 1951, while in the employ of Conklin Service Station. This order was appealed to the Supreme Court and affirmed in Conklin Service Station v. Brown, Okl., 281 P.2d 754, in March 1955.

On May 27, 1955, the Commission issued an order which found:

"That claimant sustained an injury to his head on October 31, 1951, and previous injuries involving both hands and feet, that the injuries are not combinable, and therefore, claimants claim as against the Special Indemnity Fund herein, should be dismissed."

On July 17, 1956, the Commission entered an order setting forth the award of January 18, 1954, based on the October 31, 1951, injury and found the claimant had suffered a change of condition for the worse due to said injury and awarded claimant a 40 per cent permanent partial disability to his body as a whole, or an increase of 25 per cent, for a total sum of $3,225.

On appeal to the Commission en banc the award was modified as to the amount only, and affirmed. This award has been paid in full by employer.

On August 22, 1957, the State Industrial Commission entered an award, in part, as follows:

"That on October 31, 1951, when claimant sustained his last compensable injury, claimant was previously impaired person which was obvious to an ordinary layman, by virtue of multiple deformities to his head, feet, hands, and a hernia that had been previously settled before the Commission on joint petition settlement agreement.

"That claimant's rate of compensation is $25.00 per week; that claimant sustained fifteen per cent (15%), permanent partial disability to the body as a whole, originally by reason of his said injury, and sustained a change of condition for the worse and was awarded an additional twenty-five per cent (25%) permanent partial disability to the body as a whole by order of July 17, 1956; and that said orders, together with claimant's temporary total disability, resulted in claimant's receiving the sum of $5,189.07 for temporary total and permanent partial disability as a result of his injury of October 31, 1951.

"That claimant is permanently and totally disabled as a result of his last injury and previous disability and is entitled to compensation for 500 weeks at $25.00 per week, or the total amount of $12,500.00, less $5,189.07, leaving the Special Indemnity Fund obligated to pay compensation to claimant in the amount of $7,310.93, at the rate of $25.00 per week from the date of this order."

This award was affirmed on appeal to the Commission en banc, and this proceeding is brought by Special Indemnity Fund to review this latter award.

At the time of the prior orders claimant was a physically impaired person as defined by Title 85 O.S.1951 § 171, because of a disability to his left arm, left hand and his left leg, and he is also a congenital hydrocephalic.

The Special Indemnity Fund proposes three specifications of error: (1) Insufficiency of medical evidence to support the award, (2) Lack of sufficient findings of fact upon which to base an award against the fund, and (3) The State Industrial Commission did not have jurisdiction to enter the award for the reason the prior dismissal as to the Special Indemnity Fund is final and therefore res adjudicata.

The record reveals the claimant testified and two medical statements were submitted.

The statement of Dr. R. is to the effect that claimant had birth deformities of the hands, hips and feet, and obvious mental retardation and no evidence of disability that can be associated with the subsequent injury; that the disabilities are those that are seen in this type of congenital anomalies. The statement of Dr. S. is to the effect that claimant was continuing to have attacks of dizziness, intermittent headache, difficulty in concentration, pain in the lower back with radiation in the right leg, numbness, clumsiness, and weakness of the whole left side of the body; that claimant had "gone down hill", since the 1956 examination and that he is 100% permanently disabled as far as the performance of ordinary manual labor, holding down a job, steady employment and other factors are concerned.

We have heretofore held that before an award can be entered against the Special Indemnity Fund, the medical evidence must show, and the State Industrial Commission must find the degree of disability to the body as a whole caused by the previous disability which made the employed a physically impaired person and the degree of disability to the body as a whole caused by the subsequent injury. Petroleum Maintenance Co. v. Herron, 201 Okl. 393, 206 P.2d 182; Special Indemnity Fund v. Jennings, 201 Okl. 330, 205 P.2d 873; McGowen v. John Hinson Bldg. Corp., Okl., 331 P.2d 915.

From an examination of the entire record, we are unable to determine if claimant's present condition was brought about by an increase in the previous disabilities which made him a physically impaired person, or whether there was an increase in the severity of the disability as a result of the subsequent injury. We therefore hold there was insufficient medical evidence and findings of fact to sustain an award against the Special Indemnity Fund. Inasmuch as there was insufficient medical evidence and findings of fact to enter an award, it is not possible to determine if the prior order of the State Industrial Commission dismissing the action against the Special Indemnity Fund is final and therefore res adjudicata.

The award is vacated and the cause remanded for further proceedings.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACKSON, and BERRY, JJ., concur.