SPECIAL INDEMNITY FUND et al., Petitioners,

v.

Willie Ray CORTER, and the State Industrial Court, Respondents.

No. 40369.

Supreme Court of Oklahoma.

Feb. 11, 1964.

Mont R. Powell and Guy A. Secor, Oklahoma City, for petitioners.

Liebel & Shumake and Walter E. Liebel, Oklahoma City, for respondents.

WILLIAMS, Justice.

The order of the Industrial Court here for review allows the claimant benefits against the Special Indemnity Fund (referred to herein as the Fund) for permanent total disability from the cumulative effect of his pre-existing impairment considered in combination with disability produced by the last accidental injury standing alone.

Claimant suffered his last compensable injury on November 30, 1961, while at work for W. W. Hendricks Trucking Company. As a result of that injury he was paid compensation for temporary total disability for the period of November 30, 1961, to July 10, 1962, in the amount of $1102.50, which is compensation equivalent to 31½ weeks temporary total disability; and awarded 40 per cent permanent partial disability to his right hand which amounts to 80 weeks compensation; thereby collecting from his last employer a total of 111½ weeks compensation.

Subsequently the claim against the Fund was heard resulting in the following order being entered by the Industrial Court:

"Now on this 5th day of September, 1962, this cause comes on for consideration, pursuant to regular assignment and hearing had at Oklahoma City, Oklahoma, on August 21, 1962, before Judge Toby Morris, at which time the claimant appeared in person and by his attorney, Walter E. Liebel, and the respondent appeared by its attorney, Guy Secor. The Trial Judge, having considered the evidence, records on file, and being fully advised in the premises, finds:

"1.

"That on November 30, 1961, claimant sustained a compensable injury to his right hand; that on and prior to November 30, 1961, claimant was a previously impaired person as defined by statute by reason of multiple injuries as follows: 1959, injury to left eye; injury to back; 1941, an injury to his left little finger; and in 1947, an injury to his left hand; that by reason of said injuries, claimant sustained total industrial blindness of his left eye, 10 per cent permanent partial disability to his body as a whole by reason of said back injury, 50 per cent permanent partial disability to his left little finger, and 53 per cent permanent partial disability to his left hand; and that by reason of the combination of all of said injuries and disabilities, claimant sustained 60 per cent permanent partial disability to the body as a whole.

"2.

"That claimant's previous impairment was obvious and apparent to an ordinary layman.

"3.

"That claimant's rate of compensation is $30.00 per week; that as a result of claimant's injury of November 30, 1961, he sustained 40 per cent permanent partial disability to his right hand.

"4.

"That by reason of the combination of all the injuries and disabilities set forth above, claimant has been rendered permanently and totally disabled for the performance of ordinary manual labor, and is entitled to compensation for 500 weeks, less 300 weeks for the previous impairment, and less 80 weeks for the injury of November 30, 1961; and therefore, claimant is entitled to recover from the Special Indemnity Fund compensation for 120 weeks at $30.00 per week, or the total amount of $3600.00, to be paid at the rate of $30.00 per week.

"IT IS THEREFORE ORDERED that beginning with the date of filing of this order, the Special Indemnity Fund pay compensation to claimant at the rate of $30.00 per week, until claimant has been paid the total amount of $3600.00 (less tax and attorney fee); that the sum of $72.00, which is 2 per cent of the award herein made, be deducted therefrom and paid to the Special Indemnity Fund, and that respondent pay a like amount into said Fund; that every fifth weekly payment of $30.00 made under the terms of this order, be paid to claimant's attorney, Walter E. Liebel, same representing 20 per cent of the award herein made, and to be deducted therefrom as a reasonable fee herein."

The order was affirmed by the court en banc on appeal.

From a review of the record and the order above set forth it is immediately apparent that credit was not allowed the Fund for the 31½ weeks compensation for temporary total disability paid claimant as the result of his last injury. The Fund contends this was error. Thus, the Fund raising no other issue, the question decisive of this appeal is whether the proper method was employed by the Industrial Court in calculating the award.

Prior to amendment of 85 O.S.1959 Supp. § 172 in 1961, this court in numerous cases set out the formula necessary for calculation of an award against the Fund. In Special Indemnity Fund v. Chambers, Okl., 356 P.2d 1094, it is stated:

"In order to arrive at the proper amount, if any, to be awarded against the Special Indemnity Fund under the provisions of 85 O.S.1951 § 171 and 85 O.S.Supp.1959 § 172, when disability produced by the former injury combined with the latter is less than permanent total (500 weeks), it is necessary to subtract from the aggregate percentage of disability produced by pre-

existing impairments in conjunction with the last injury the disability which constitues claimant a physically impaired person and further deduct the award made to him for the latter injury standing alone. It is only the remainder or balance, if any there be, for which liability may be imposed against the Fund. * * *

"Since under the plain provision of the statute 85 O.S.1959 Supp. § 172, it is the employer who must pay compensation for the percentage of disability 'which would have resulted from the latter injury if there had been no pre-existing impairment', the Fund is by force of law entitled to credit for the full amount of benefits which, whether by joint petition or otherwise, were recovered by the workman for the latter injury standing alone. The statutory liability of the Fund may not be increased by substituting in the calculation formula a lower theoretical disability for one actually adjudged against the employer. Where no burden is cast by law, none may be imposed upon the Fund by means of a mathematical prestidigitation. * * *."

██ The amendment in 1961 of 85 O.S. § 172, reclassified the liability of the Fund in permanent total disability cases due to multiple injuries. By the amendment such cases were placed in the same classification with permanent partial cases of less than total disability thereby saying for the first time, that the Fund should be in permanent total disability cases, required to pay only the remainder or balance, if any there be, after deducting the percentage of disability constituting claimant a previously impaired person and further deduct the award made to him for the latter injury standing alone.

It must be conceded that compensation for 500 weeks is the limit of the Industrial Court's authority to make an award of compensation for any one injury or for the cumulative effect of separate injuries. See 85 O.S.1961 § 22; 85 O.S.1961 §§ 171, 172; and Special Indemnity Fund v. Long, Okl.,

281 P.2d 933. In the cited case at page 936 of 281 P.2d, it is said:

"As its last proposition the Fund contends that the award against it is excessive in the amount of $140, which contention appears to be well taken. The trial commissioner found that respondent was entitled to five weeks temporary compensation at $28 per week, or $140, plus 30 weeks at $28 per week, or $840, permanent disability, or a total of $980 to be paid by the employer and his insurance carrier. The Commissioner then ordered the Special Indemnity Fund to pay claimant $13,-160. The two awards total $14,140 or $140 more than the maximum amount allowed by statute 85 O.S.1951 § 22. It is apparent that the Commissioner inadvertently failed to deduct the $140 temporary compensation paid by the employer and his insurance carrier in determining the balance due from the Fund. On the authority of Oklahoma Oil Corporation v. Tuttle, 187 Okl. 467, 103 P.2d 516, the award is corrected so as to provide that credit shall be given on the amount of the award due from the Special Indemnity Fund for the $140 temporary compensation paid by the employer and his insurance carrier, and as so corrected is sustained."

What we said in that case is equally applicable to the instant case. However, it must be noted that in the Long case the compensation rate for both temporary total disability and permanent disability were the same $28.00 per week, while in the case at bar the compensation rate for temporary total disability was $35.00 per week, and for permanant disability $30.00 per week.

██ Therefore applying the principle basically set forth in Special Indemnity Fund v. Long, supra, and the calculation formula heretofore consistently applied by this court, to the case at bar, we hold that the Industrial Court erred in failing to credit the Fund with the 31½ weeks compensation paid claimant by his employer and insurance carrier for temporary total

disability as a result of his last injury. Therefore the award is corrected so as to show claimant to be entitled from the fund to 88½ weeks at $30.00 per week or a total amount of $2655.00, and as so corrected, is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.