SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Nath BONNY, Jr., and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40986.

Supreme Court of Oklahoma.

Nov. 4, 1964.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, for petitioner.

Albert M. Morrison, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice.

On July 11, 1963, Nath Bonny, Jr., filed a first notice of injury and claim for compensation before the State Industrial Court alleging that on January 16, 1963, while in the employment of Bryan Cole Transfer Company he sustained an accidental injury to his right eye when a steel beam struck the right side of his head. On the same day the parties entered into a joint petition settlement in the basis of 25 per cent permanent partial disability to the right eye as a result of the injury on January 16, 1963. On August 15, 1963, claimant's claim against the Special Indemnity Fund, hereinafter referred to as the Fund, was presented to a trial judge of the Industrial Court. It was stipulated by the parties that claimant had sustained his last injury on January 16, 1963, while employed by Bryan Cole Transfer Company resulting in 25 per cent permanent partial disability to the right eye and that he was a previously impaired person within the meaning of the Workmen's Compensation Act by reason of the total loss of his left eye resulting from the explosion of a dynamite cap in 1943.

The sole question submitted to the lower court was whether there was a material increase in disability sustained by claimant as a result of the combination of the two disabilities over that which would have resulted from the subsequent injury alone.

On February 5, 1964, the trial judge entered an order finding that as a result of a combination of claimant's previous disability with the disability sustained from the last injury claimant was totally and

permanently disabled for the performance of ordinary manual labor and was entitled to 500 weeks compensation, less credit of 200 weeks for the total loss of both eyes. The order was appealed to the court en banc by the Fund where, on April 1, 1964, the order was affirmed.

This is an original proceeding instituted by the Fund for a review of the award. It advances the following four propositions for vacating the above order:

"1. The court erred as a matter of law in failing to find and determine the degree or per cent of disability claimed sustained as a result of the last injury.

"2. The court erred as a matter of law in failing to find the extent of claimant's disability prior to his last injury.

"3. Either claimant was permanently and totally disabled before the last injury by reason of industrial blindness in both eyes, or he is not permanently and totally disabled at this time.

"4. The court made no finding with reference to the temporary total compensation paid, and allowed no credit therefor."

Prior to the amendment of 85 O.S.1959 Supp. § 172 in 1961 it was not necessary to evaluate a claimant's previous disabilities where the claimant was permanently and totally disabled. In instances of permanent total disability the Fund received credit only for the disability resulting from the last injury together with any temporary total disability payments made.

The 1961 amendment changed the liability of the Fund in permanent total disability situations. By the amendment such cases were placed in the same category as instances of permanent partial disability. For the first time the statute provided that the Fund, in instances of permanent total disability, should be required to pay only the remainder or balance, if any, after deducting the percentage of disability con-

stituting the claimant a previously impaired person and further deducting the award made to him for the latter injury standing alone. Special Indemnity Fund v. Corter, Okl., 389 P.2d 478. From the formula set forth above it is apparent that the trial tribunal has the authority to enter an award against the Fund when it finds, based on competent evidence, that the combination of separate injuries, former and subsequent, produces in the aggregate that quantum of disability which, upon a subtraction of the pre-existing impairments, leaves a remainder of disability materially greater in degree than that adjudged as having been caused by the last injury standing alone. Special Indemnity Fund v. Chambers, Okl., 356 P.2d 1094, and related cases. Therefore it is apparent that if the Fund is allowed credit for all pre-existing disabilities together with the disability resulting from the last injury there is no burden cast on the Fund that was not intended by the legislature in creating the Special Indemnity Fund. To give effect to the purpose intended by the legislature a liberal construction should be accorded the act. Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609.

In the case at bar the Fund insists "there is a complete absence of any finding as to the degree or per cent of disability resulting from the last injury alone"; that "the Court merely finds that the claim was settled on joint petition for $750.00. * *"; that "there is no finding as to the amount of disability the Court felt claimant had prior to the last injury, to this eye, so it is impossible to even guess from this finding the amount of disability claimant may have had as a result of the last injury."

We do not agree. The record reveals the last accidental injury, which was to the right eye, was settled on joint petition for $750.00 which "represents twenty-five per cent loss of the eye, * * *". Also at the hearing on the claim against the Fund the following was in response to a request from the trial judge as to stipulation

on the percentage of loss of the eye involved in the joint petition settlement:

"By Mr. Morrison: [Attorney for the claimant] Seven hundred fifty dollars would be twenty-five percent of the eye.

"By the Court: That is the right eye, the joint petition.

"By Mrs. Bosonetto: [Attorney for the Fund] Yes, the good eye was the right eye or his eye that he had vision in."

■ We have held many times that a settlement on joint petition approved by the Industrial Court is an adjudication and determination of a disability within the meaning of 85 O.S.1961 § 171. Special Indemnity Fund v. McCoy, Okl., 351 P.2d 725; Special Indemnity Fund v. Simpson, Okl., 349 P.2d 635.

The trial tribunal, at the conclusion of the hearing from which this action arises, found "that due to claimant's last injury to his right eye on January 16, 1963, he sustained further permanent partial loss of vision in said right eye to the extent he is now industrially blind in said right eye, and the claim arising therefrom was settled on joint petition for the sum of $750.00". In view of the stipulation to which reference was made hereinabove, this was in effect an adjudication and determination that claimant sustained 25 per cent permanent partial disability to his right eye as a result of his last injury.

The trial judge's order, in finding No. 1, contained the following pertinent language:

"* * * (T)hat prior to said injury [January 16, 1963] claimant was a previously impaired person by virtue of having sustained an accidental personal injury when he was fourteen years of age, *which resulted in total loss of the left eye and partial loss of vision of the right eye.*" (Emphasis ours.)

In finding No. 4 the trial judge, after finding the claimant permanently and totally disabled, used the following language:

"* * * and is entitled to compensation for 500 weeks at $30.00 per week, or a total amount of $15,000.00, less the sum of $6,000.00, being 200 weeks credit or 100 weeks *for the disability constituting claimant a previously impaired person and 100 weeks for the disability to claimant's right eye, including the disability sustained in the last injury * * *.*" (Emphasis ours.)

The Industrial Court found that claimant was a previously impaired person by reason of the total loss of the left eye and partial loss of vision of the right eye but it did not find the percentage of disability resulting from the combination of the two separate impairments which constituted claimant a previously impaired person.

■ Since the Industrial Court found the previous impairment to be from the "total loss of the left eye and partial loss of vision of the right eye" it was necessary that it fix the disability resulting to the body as a whole from a combination of the two prior injuries. Special Indemnity Fund v. Brown, Okl., 338 P.2d 876; McGowen v. John Hinson Building Corp., Okl., 331 P.2d 915; Petroleum Maintenance v. Herron, 201 Okl. 393, 206 P.2d 182; Special Indemnity Fund v. Jennings, 201 Okl. 330, 205 P.2d 873. It is therefore necessary that this portion of the award be vacated and remanded to the lower court for further proceedings.

We do not agree with the Fund's third proposition. In the case of Special Indemnity Fund v. Long, Okl., 281 P.2d 933, claimant Long's last injury was to his left eye resulting in 30 per cent permanent partial disability to said eye. As to his claim against the Fund, the Industrial Court found that claimant "at the time he sustained his present [last] injury was a physically impaired person by reason of complete blindness in his right eye and prior disability to his left eye, and that as a result of his combined injuries, he was

permanently and totally disabled \* \* \*." The Fund in that case urged, as here, that under the evidence claimant was permanently and totally disabled prior to the last injury. At page 935 of the Pacific 2d report of that decision we said:

> "We find no merit in such contention. Respondent testified that notwithstanding he was industrially blind in his right eye and the sight of his left eye was somewhat impaired prior to the time he sustained his injury he was still able to do ordinary manual labor and continued to do so until he sustained his present injury. He wore glasses while at work but was able to do some types of manual labor without the use of glasses. Since he sustained the injury in question he has very little vision in his left eye with or without glasses and cannot see well enough to do ordinary manual labor.

> "Dr. J. L. testified that prior to the injury in question respondent had 25% loss of visual acuity in both eyes. Dr. P. testified that in 1952, and prior to the injury in question, respondent was industrially blind in his right eye and the visual acuity in his left eye was less than 20/200 without glasses but corrected 20/20 with glasses.

> "It is undisputed that at the time of the injury, respondent was an oil field driller earning $1.60 an hour.

> "There is therefore evidence that respondent was not totally disabled prior to the time of the injury in question. The commission found this issue against the Fund, and there being evidence reasonably tending to support such finding it will not be disturbed in this court."

Other cases with like holdings are: Special Indemnity Fund v. Wright, Okl., 350 P.2d 936; Special Indemnity Fund v. Gentile, Okl., 350 P.2d 306; Clyde's Auto Salvage & Coal Operation Cas. Co. v. Hughes, 204 Okl. 467, 231 P.2d 356; and Starr Coal Co. v. Evans, 199 Okl. 342, 184 P.2d 638.

In the case at bar the claimant was driving a truck and earning $14.00 per day at the time of his last accident on January 16, 1963. He testified, and his testimony was not disputed, that prior to the last injury he had "some" vision in his right eye; that his left eye was completely out and that he wore an artificial eye in its stead; that he wore glasses, but could "get around by himself and do almost anything except drive without corrective vision;" that while in the past he had been going to a doctor to have the glasses changed he had not had any problem with his eye since the last examination in May of 1961 until the last injury; that before the injury he could identify people without his glasses; and that since the accident he wears a contact lens and cannot identify people without it.

Dr. M. testified for claimant. He stated that he operated on claimant's right eye for removal of a cataract on March 20, 1963; that in his opinion the injury to claimant's right eye on January 16, 1963, aggravated the pre-existing condition of the cataract and necessitated the removal of the cataract; that he examined claimant's eye prior to the operation and found claimant's vision to be 20/200 without the glasses and "he could see slightly better than 20/200 with his glasses, so really and truly it made very little difference whether he had his glasses on or not;" that the lens of claimant's right eye was removed by the operation; that since the operation claimant cannot perform his ordinary manual duties without his contact lens; that his ability to perform ordinary manual labor has been lessened by the last injury; that dirt and dust get under the contact lens causing pain and discomfort and because of this the contact lens has to be removed to be cleaned and while removed claimant is completely blind; that 20/200 is 80 per cent loss to the eye; that since the accident the claimant now has 95 per cent loss in visual acuity of the right eye; that in his opinion due to the combination of the prior disability with the disability sustained by claimant from

the last injury claimant is now permanently and totally disabled.

 Following our opinions in the last cited cases, we hold there is sufficient competent evidence in this case to support the finding of the Industrial Court that claimant was not totally disabled prior to the last injury but is now, by a combination of the previous disability with the disability resulting from the last injury, permanently and totally disabled.

The lower court erred in not allowing the Fund credit for the eight weeks temporary total compensation paid claimant as a result of the last injury.

 In making an award against the Special Indemnity Fund under the provisions of 85 O.S.1961 § 172, as amended in 1961, for permanent total disability, it is the duty of the Industrial Court to determine and allow all applicable deductions, for which provision is made in the statute. Where there has been a failure to substantially comply with the statutory provisions in this respect, this Court will vacate the award on review. Special Indemnity Fund v. Corter, supra.

Therefore the award is vacated and the cause remanded for further proceedings for the express purpose of the Industrial Court determining and adjudging the percentage of disability sustained by the claimant by reason of the impairments constituting him a previously impaired person, and on such determination to deduct the compensation for that percentage of disability, the compensation for percentage of disability resulting from the last injury, and the eight weeks temporary total disability compensation paid, from the maximum compensation scheduled for one who is permanently and totally disabled and to assess the balance or remainder, if any there be, against the Special Indemnity Fund.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.